## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP<br>                    Plaintiff<br><br>v.<br><br>MINNO & WASKO ARCHITECTS AND<br>PLANNERS, PC and MOORE CONSULTING<br>ENGINEERS, LLC<br>                    Defendants | Civil Action No.<br>2:23-cv-01963 |

### DEFENDANT MOORE CONSULTING ENGINEERS, LLC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM TO CO-DEFENDANT
### MINNO & WASKO ARCHITECTS AND PLANNERS, PC

Responding Defendant, Moore Consulting Engineers, LLC, by and through its attorneys

Marshall Dennehey, says by way of Answer to plaintiff's Complaint and Cross-claim to

Defendant Minno & Wasko Architects and Planners, PC as follows:

### THE PARTIES

1.      Moore Consulting Engineers, LLC is in possession of insufficient information to
admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it
is deemed that a response is necessary, same is denied.

2.      Moore Consulting Engineers, LLC is in possession of insufficient information to
admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it
is deemed that a response is necessary, same is denied.

3.      Moore Consulting Engineers, LLC is in possession of insufficient information to
admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it
is deemed that a response is necessary, same is denied.

4.      Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

5.      Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

6.      Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

7.      Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

8.      Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

9.      Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

10.      Admitted in part and Denied in part.  Admitted that Moore Consulting Engineers, LLC. is and engineering and design specialist firm with expertise in heating, ventilation, and air conditioning.  It is further admitted that Moore Consulting Engineers, LLC is a New Jersey limited liability company with its principal place of business at 457 Oakshade Road, Shamong, NJ 08088.  However, Moore Consulting Engineers, LLC. is also a Foreign Limited Liability

Company registered and, at all times relevant hereto, registered as such in the Commonwealth of Pennsylvania with its offices located at 150 S. Independence Mall West, Suite 1200, Philadelphia, PA 19106.

11.    Admitted.

12.    Admitted in part and Denied in part.  Admitted that Moore Consulting Engineers, LLC. is a limited liability company.  The remainder of this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

13.    Admitted in part and Denied in part.  Admitted that Moore Consulting Engineers, LLC. is a resident of the State of New Jersey.  However, to the extent that this allegation of plaintiff's complaint can be interpreted to mean that Moore Consulting Engineers, LLC. is only a resident of The State of New Jersey for the purposes of Federal Jurisdiction, Denied as Moore Consulting Engineers, LLC. is, for all times relevant hereto, a registered Foreign Limited Liability Company in the Commonwealth of Pennsylvania and as such, for the purposes of Federal Jurisdiction, is also a resident of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

14.    Denied.

15.    While denying that This Honorable Court has subject matter jurisdiction over the claims alleged in this lawsuit, admitted that venue would otherwise be proper in The Eastern District of Pennsylvania.

16.    This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and is otherwise a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

## FACTS COMMON TO ALL COUNTS

17.     This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

18.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

19.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

20.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

21.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

22.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

23.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

24.     This allegation of plaintiff's complaint references a document which speaks for itself.  As such, plaintiff is left to its proofs.

25.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  If a response is deemed necessary, same is denied.

26.     This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

27.     Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

28.     Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

29.     Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

30.     Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

31.    This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

32.    This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

33.    This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

34.    This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

35.    Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

36.    This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

37.     This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

38.     This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

39.     This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

40.     Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

41.     Admitted.

42.     Admitted.

43.     This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, Moore Consulting Engineers, LLC. is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint. As such, plaintiff is left to its proofs.  If it is deemed that a response is necessary, same is denied.

**COUNT I**
**BREACH OF CONTRACT BY MINNO & WASKO**

44.     Moore Consulting Engineers, LLC. repeats and reiterates by reference its answers to the foregoing paragraphs in response to plaintiff's Complaint as if they were set forth fully herein at length.

45.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

46.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Additionally, this allegation of plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

47.     This allegation of plaintiff's Complaint is a legal conclusion for which no response is necessary.  Additionally, this allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  As such, plaintiff is left to its proofs.

48.     This allegation of plaintiff's Complaint is a legal conclusion for which no response is necessary.  Additionally, this allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  As such, plaintiff is left to its proofs.

49.     This allegation of plaintiff's Complaint is a legal conclusion for which no response is necessary.  Additionally, this allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  As such, plaintiff is left to its proofs.

WHEREFORE, Moore Consulting Engineers, LLC respectfully requests that this Honorable Court dismiss plaintiff's Complaint in its entirety awarding costs of suit, reasonable attorneys fees, and other relief as the Court deems appropriate under the circumstances to the responding defendant.

## COUNT II
## PROFESSIONAL NEGLIGENCE BY MINNO & WASKO

### (*Pleaded in the Alternative*)

50.     Moore Consulting Engineers, LLC. repeats and reiterates by reference its answers to the foregoing paragraphs in response to plaintiff's Complaint as if they were set forth fully herein at length.

51.     This paragraph of plaintiff's complaint is not a factual allegation and as such no response is necessary.  As such, plaintiff is left to its proofs.

52.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  Also, this paragraph of plaintiff's complaint is not a factual allegation and as such no response is necessary.  As such, plaintiff is left to its proofs.

53.     This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of

plaintiff's complaint references a document which speaks for itself.   As such, plaintiff is left to its proofs.

54.    This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.   To the extent that this allegation of plaintiff's complaint is intended to be directed at Moore Consulting Engineers, LLC., this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.   As such, plaintiff is left to its proofs.

55.    This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  As such, plaintiff is left to its proofs.

56.    This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  To the extent that this allegation of plaintiff's complaint is intended to be directed at Moore Consulting Engineers, LLC., this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.   As such, plaintiff is left to its proofs.

57.    This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  To the extent that this allegation of plaintiff's complaint is intended to be directed at Moore Consulting Engineers, LLC., this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.   As such, plaintiff is left to its proofs.

58.    This allegation of plaintiff's complaint is not directed at Moore Consulting Engineers, LLC., and as such no response is necessary.  Additionally, this allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.  As such, plaintiff is left to its proofs.

WHEREFORE, Moore Consulting Engineers, LLC respectfully requests that this Honorable Court dismiss plaintiff's Complaint in its entirety awarding costs of suit, reasonable attorneys fees, and other relief as the Court deems appropriate under the circumstances to the responding defendant.

## COUNT III
## PROFESSIONAL NEGLIGENCE BY MOORE

59.    Moore Consulting Engineers, LLC. repeats and reiterates by reference its answers to the foregoing paragraphs in response to plaintiff's Complaint as if they were set forth fully herein at length.

60.    Admitted in part and Denied in part.  Admitted that Moore Consulting Engineers, LLC. is a resident of the State of New Jersey.  However, to the extent that this allegation of plaintiff's complaint can be interpreted to mean that Moore Consulting Engineers, LLC. is only a resident of The State of New Jersey for the purposes of Federal Jurisdiction, Denied as Moore Consulting Engineers, LLC. is, for all times relevant hereto, a registered Foreign Limited Liability Company in the Commonwealth of Pennsylvania and as such, for the purposes of Federal Jurisdiction, is also a resident of the Commonwealth of Pennsylvania.

61.    This allegation of plaintiff's complaint references a document which speaks for itself.  As such, plaintiff is left to its proofs.

62.    This allegation of plaintiff's complaint is a legal conclusion for which no response is necessary.   As such, plaintiff is left to its proofs.

63.    Moore Consulting Engineers, LLC is in possession of insufficient information to admit or deny this paragraph of plaintiff's Complaint as same does not allege to whom the

alleged representations were made by Moore Consulting Engineers, LLC. As such, plaintiff is left to its proofs.

64.    This allegation of plaintiff's Complaint is a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

65.    This allegation of plaintiff's Complaint is a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

66.    This allegation of plaintiff's Complaint is a legal conclusion for which no response is necessary.  If a response is deemed necessary, same is denied.

WHEREFORE, Moore Consulting Engineers, LLC respectfully requests that this Honorable Court dismiss plaintiff's Complaint in its entirety awarding costs of suit, reasonable attorneys fees, and other relief as the Court deems appropriate under the circumstances to the responding defendant.

## **AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by plaintiff, defendant pleads the following separate and affirmative defenses:

### **First Affirmative Defense**

The responding defendant denies any negligence alleged.

### **Second Affirmative Defense**

The responding defendant breached no duties allegedly owed.

### **Third Affirmative Defense**

The responding defendant performed each and every duty allegedly owed.

### **Fourth Affirmative Defense**

The responding defendant acted reasonably and prudently, under the circumstances of which she is not liable to plaintiffs.

### **Fifth Affirmative Defense**

The accident, injuries, and damages allegedly suffered by the plaintiff were caused by the actions of third persons over whom the responding defendant exercised no control.

### **Sixth Affirmative Defense**

Plaintiff has failed to set forth a cause of action upon which can be granted.

### **Seventh Affirmative Defense**

The claims of plaintiff are barred pursuant to the applicable Statute of Limitations and the responding defendant reserves the right to move to dismiss.

### **Eighth Affirmative Defense**

The damages alleged are not the result of the work performed by the defendant.

**Ninth Affirmative Defense**

Plaintiff's claims are barred by the Doctrine of Res Judicata.

**Tenth Affirmative Defense**

Plaintiff's claims are barred by the Doctrine of Collateral Estoppel.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred by the Entire Controversy Doctrine.

**Twelfth Affirmative Defense**

The incident and damages complained of were caused by the Act of God.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the applicable Statute of Repose.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred by the Doctrine of Arbitration and Award.

**Sixteenth Affirmative Defense**

Plaintiff's claims are barred by the Doctrine of Estoppel.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred by the Doctrine of Waiver.

**Eighteenth Affirmative Defense**

The plaintiffs have failed to mitigate damages.

**Nineteenth Affirmative Defense**

The plaintiff's claims are barred by insufficiency of process and/or service of process.

### Twentieth Affirmative Defense

The Court lacks subject matter jurisdiction.

### Twenty-first Affirmative Defense

The Court lacks in persona jurisdiction.

### Twenty-second Affirmative Defense

The plaintiff has failed to join the party needed for just adjudication or without which the action cannot proceed.

### Twenty-third Affirmative Defense

The alleged incident was caused by an intervening wanton and/or willful actions by a third-party which this defendant could not have foreseen and for which it is not responsible.

### Twenty-fourth Affirmative Defense

The plaintiff's allegations of negligence are barred by the economic loss doctrine.

### Twenty-fifth Affirmative Defense

At the time and place mentioned in the Complaint, the responding defendant was not guilty of any negligence that was the proximate cause of the alleged accident, injuries and damages of which plaintiff complains.

### Twenty-sixth Affirmative Defense

Responding defendant denies it breached any express or implied warranties as the quality of the construction, materials, specifications, workmanship and fitness for a particular purpose.

### Twenty-seventh Affirmative Defense

The responding defendants deny making any negligent misrepresentations and/or omissions, or knew that any material misrepresentations were false when made.

**Twenty-eighth Affirmative Defense**

The responding defendants deny breaching any implied covenants of good faith and fair dealing.

**Twenty-ninth Affirmative Defense**

All claims against the responding defendant are barred as the plaintiff lacks standing to assert said claims.

**Thirtieth Affirmative Defense**

The plaintiffs' Complaint is frivolous, and the responding defendants hereby demand fees, costs, and sanctions.

**ANSWER TO CROSSCLAIMS**

PLEASE TAKE NOTICE that the responding defendant hereby denies all crossclaims filed against her or to be filed against her in this action.

**CROSS-CLAIMS**

**MOORE CONSULTING ENGINEERS, LLC V. MINNO & WASKO ARCHITECTS AND PLANNERS, PC**

1. Solely for the purpose of asserting this Cross-Claim, the averments set forth in Plaintiff's Complaint against Co-Defendant Minno & Wasko Architects and Planners, PC ("Minno & Wasko") are incorporated herein.

2. In the event Plaintiff is entitled to a recovery against Moore Consulting Engineers, LLC, which is specifically denied, then Minno & Wasko is solely, jointly, and or severally liable to the Plaintiff in this action.

3. In the event Plaintiff is entitled to a recovery against Moore Consulting Engineers, LLC, which is specifically denied, then the Minno & Wasko is liable to Moore Consulting

Engineers, LLC for contribution, indemnity, or otherwise for the full amount of any sums which may be adjudged against Moore Consulting Engineers, LLC.

WHEREFORE, Defendant Moore Consulting Engineers, LLC denies liability to any party in this action, but in the alternative, demand contribution and/or indemnity from Co-Defendant Minno & Wasko Architects and Planners, PC.

### <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that the responding defendant hereby demands a trial by jury as to all issues.

**MARSHALL DENNEHEY**



_____
BY: ADAM E. LEVY, ESQUIRE
Pa. ID # 78074
Email: aelevy@mdwcg.com
15000 Midlantic Drive – Suite 200
Mount Laurel, NJ 08054
(856) 414-6015
Attorney for Defendant, Moore Consulting
Engineers, LLC

LEGAL/155031276.v1