**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP<br>         Plaintiff<br>v.<br><br>MINNO & WASKO ARCHITECTS AND PLANNERS, PC and MOORE CONSULTING ENGINEERS, LLC<br>         Defendants<br><br>And<br><br>MOORE CONSULTING ENGINEERS, LLC<br><br>         Third-party Plaintiff<br>v.<br><br>HARKINS BUILDERS, INC., AND NOLEN PROPERTIES, LLC.<br><br>         Third-party Defendants | Civil Action No.<br>2:23-cv-01963 |

**DEFENDANT MOORE CONSULTING ENGINEERS, LLC.'S**
**THIRD-PARTY COMPLAINT**

Defendant/Third-party Plaintiff, Moore Consulting Engineers, LLC, by and through its

attorneys Marshall Dennehey, avers by way of Third-party Complaint against Harkin Builders,

Inc. and Nolen Properties, LLC as follows:

**THE PARTIES**

1.  Moore Consulting Engineers, LLC is an engineering and design firm with expertise in

    heating, ventilation, and air conditioning, and is a New Jersey limited liability company that

    maintains its principal place of business at 457 Oakshade Road, Shamong, NJ 08088.  Moore

Consulting Engineers, LLC. is also a Foreign Limited Liability Company registered and, at all times relevant hereto, registered as such in the Commonwealth of Pennsylvania with its offices located at 150 S. Independence Mall West, Suite 1200, Philadelphia, PA 19106.

2. Nolen Properties, LLC is a Pennsylvania formed limited liability company that is in the business of real estate development which maintains a principal place of business located 116 Fountain St. Philadelphia, PA

3. Harkins Builders, Inc. is a Maryland formed incorporation which maintains a principal place of business located at 10490 Little Patuxent Pkwy #400, Columbia, MD.

## JURISDICTION AND VENUE

4. Subject to Third-party plaintiff's partially admitted and partially denied answer to first Party Plaintiff 335 Righers Ferry Road, LLC's complaint, at paragraph 10, [ECF 7], Jurisdiction is properly in front of this Honorable court under diversity jurisdiction with an amount in controversy in excess of $75,000.00.

5. Venue is proper in this District because a substantial part of the events, acts or omissions giving rise to the Plaintiff's claims in the First Party Action occurred within this District and the improvements to real property commonly known as 335 Righters Ferry (the "Building") which is the subject of the plaintiff's first-party action, is situated within this District. See 28 U.S. Code § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

6. This is a civil action instituted in its first part by plaintiff 335 Righter Ferry Road, LP.

7. Plaintiff has alleged that certain aspects of the design and build of the Building were deficient.

8. Plaintiff is a single-purpose entity that developed and owns the Building.  See Plaintiff Complaint [ECF 1].

9. Third-party plaintiff Moore was a consultant to the Architect of record for the development of the Building, being First-party defendant Minno & Wasko.

10. Moore designed the HVAC system that is at issue in the First-party complaint.

11. The project to build the Building was developed and/or managed by Third-party defendant Nolen Properties.

12. At all times relevant hereto, Nolen Properties acted on its own and as agent to First-party plaintiff.

13. As such, Nolen Properties was in control of all decisions related to the construction of the Building, including but not limited to, decisions as to what aspects of the HVAC design plan would be approved or value engineered out of the HVAC design.

14. In this role, against the recommendations of Third-party plaintiff, Nolen Properties value engineered certain aspects of Moore's HVAC design out of the design.

15. Included in the Moore design was a recommendation that certain interior aspects of the HVAC duct work be insulated to protect against the potential for condensation issues.

16. Nolen Properties value engineered the aforementioned interior insulation aspects of the Moore design out of Moore's HVAC design for the Building.

17. First-party plaintiff's complaint alleges that it has suffered damages as a result of the exact type of condensation issues that the Moore design intended to prevent against by the incorporation in its plan of interior duct insulation for the Building.

18. Third-party defendant Harkins Builders, Inc. was, at all times relevant hereto, the general contractor for the project to build the Building.

19. In its role as general contractor, Harkin Builders, Inc., was in charge of coordination, inspection, and approval of all aspects of construction, including but not limited to, the construction of the exterior envelope of the Building.

20. On information and belief, the construction of the exterior envelope of the building failed to comport with the project documents and, as such, allowed infiltration of exterior elements into the building that could have affected the design of the HVAC system and thereby contributed and/or caused the condensation issues allegedly experienced and complained of by the First-party plaintiff in its First-party Complaint.

## COUNT I
## CONTRIBUTION

21. Moore Consulting Engineers, LLC. repeats and reiterates by reference its averments in the foregoing paragraphs in its Third-party Complaint as if they were set forth fully herein at length.

22. In the event Plaintiff 335 Righters Ferry Road, LP is entitled to a recovery against Moore Consulting Engineers, LLC, which is specifically denied, then third-party defendants are solely, jointly, and or severally liable to the Plaintiff in this action.

23. In the event Plaintiff is entitled to a recovery against Moore Consulting Engineers, LLC, which is specifically denied, then the Third-party defendants are liable to Moore Consulting Engineers, LLC for contribution, or otherwise for the full amount of any sums which may be adjudged against Moore Consulting Engineers, LLC.

**WHEREFORE**, Moore Consulting Engineers, LLC respectfully requests that this Honorable Court enter judgment in its favor and against the Third-party Defendants, jointly and

severally, in an amount in excess of $75,000, together with interest, costs, and with such further relief as the court deems just and proper.

**COUNT II**
**COMMON LAW INDEMNIFICATION**

24. Moore Consulting Engineers, LLC. repeats and reiterates by reference its averments in the foregoing paragraphs in its Third-party Complaint as if they were set forth fully herein at length.

25. In the event Plaintiff 335 Righters Ferry Road, LP is entitled to a recovery against Moore Consulting Engineers, LLC, which is specifically denied, then third-party defendants are solely, jointly, and or severally liable to the Plaintiff in this action.

26. In the event Plaintiff is entitled to a recovery against Moore Consulting Engineers, LLC, which is specifically denied, then the Third-party defendants are liable to Moore Consulting Engineers, LLC for indemnification, or otherwise for the full amount of any sums which may be adjudged against Moore Consulting Engineers, LLC.

**WHEREFORE**, Moore Consulting Engineers, LLC respectfully requests that this Honorable Court enter judgment in its favor and against the Third-party Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, costs, and with such further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that the responding defendant hereby demands a trial by jury as to all issues.

LEGAL/158251622.v1

**MARSHALL DENNEHEY**



_____
BY: ADAM E. LEVY, ESQUIRE
Pa. Attorney ID # 78074
Email: aelevy@mdwcg.com
15000 Midlantic Drive – Suite 200
Mount Laurel, NJ 08054
(856) 414-6015
Attorney for Defendant, Moore Consulting
Engineers, LLC