# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP, | Civil Action No. 2:23-cv-01963 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MINNO & WASKO ARCHITECTS AND PLANNERS, PC *and* MOORE CONSULTING ENGINEERS, LLC, | |
| Defendants, | |
| and | |
| MOORE CONSULTING ENGINEERS, LLC | |
| Third-Party Plaintiff, | |
| v. | |
| HARKINS BUILDERS, INC. *and* NOLEN PROPERTIES, LLC, | |
| Third-Party Defendants. | |

### THIRD-PARTY DEFENDANT NOLEN PROPERTIES, LLC's
### ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant, Nolen Properties, LLC ("Nolen Properties"), hereby files this Answer to the Third-Party Complaint of Third-Party Plaintiff Moore Consulting Engineers, LLC ("Moore"), and in support thereof, avers as follows:

### The Parties

1. Denied as stated. It is admitted only that Moore holds itself out to the public as an engineering and design specialist firm with expertise in heating, ventilation, and air conditioning, and is a New Jersey limited liability company that maintains its principal place of business at 457 Oakshade Road, Shamong, NJ 08088. Nolen Properties lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, they are deemed denied.

2. Admitted.

3. Nolen Properties lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore, they are deemed denied.

## Jurisdiction and Venue

4. The allegations of this paragraph constitute a legal conclusion to which no response is required.

5. The allegations of this paragraph constitute a legal conclusion to which no response is required.

## Facts Common to All Counts

6. The allegations of this paragraph are based the Complaint (Doc 1), a written document, that speaks for itself, as to which Nolen Properties denies any inconsistent characterizations.

7. The allegations of this paragraph are based the Complaint (Doc 1), a written document that speaks for itself, as to which Nolen Properties denies any inconsistent characterizations.

8. The allegations of this paragraph are based on the Complaint (Doc 1, a written document that speaks for itself, as to which Nolen Properties denies any inconsistent characterizations.

9. Admitted.

10. Denied as stated. Upon information and belief, both Moore and Defendant Minno & Wasko Architects and Planners, PC ("Minno & Wasko") contributed to the design of the HVAC system identified in the Complaint.

11. Denied. Further answering, the project's Owner was Plaintiff, 335 Righters Ferry Road, LP ("Righters Ferry"). Righters Ferry retained Nolen Development Group, LLC to assist with development of the project.

12. The allegations of this paragraph constitute a legal conclusion to which no response is required.

13. Denied.

14. Denied. Further answering, Defendants failed to properly advise and/or warn Righters Ferry about the proposed value engineering item involving HVAC duct work, as to which item Righters Ferry sought Defendants professional advice, and Defendants also failed to properly design the HVAC system and otherwise failed to exercise due care.

15. The allegations of this paragraph are based on a written document that speaks for itself, as to which Nolen Properties denies any inconsistent characterizations.

16. Denied. Further answering, Defendants failed to properly advise and/or warn Righters Ferry about the proposed value engineering item involving HVAC duct work, as to which item Righters Ferry sought Defendants professional advice, and Defendants also failed to properly design the HVAC system and otherwise failed to exercise due care.

17. The allegations of this paragraph are based on the Complaint (Doc 1), a written document that speaks for itself, as to which Nolen Properties denies any inconsistent characterizations.

18. The allegations of this paragraph are asserted against Harkins Builders, Inc. ("Harkins") and, therefore, no response is required.

19. The allegations of this paragraph are asserted against Harkins and, therefore, no response is required.

20. The allegations of this paragraph constitute a legal conclusion to which no response is required. Further answering, the allegations of this paragraph are asserted against Harkins and, therefore, no response is required.

### Count I
### Contribution

21. The foregoing paragraphs are incorporated as if set forth fully herein.

22. The allegations of this paragraph constitute a legal conclusion to which no response is required.

23. The allegations of this paragraph constitute a legal conclusion to which no response is required.

### Count II
### Common Law Indemnification

24. The foregoing paragraphs are incorporated as if set forth fully herein.

25. The allegations of this paragraph constitute a legal conclusion to which no response is required.

26. The allegations of this paragraph constitute a legal conclusion to which no response is required.

### AFFIRMATIVE DEFENSES

1. Moore fails to state a cause of action upon which relief may be granted.

2. Moore's claims are barred or limited as a result of its own breaches or wrongful conduct.

3. At all times, Nolen Properties owed no duty of care to Moore or Righters Ferry with respect to the development of the Project described in the Complaint (Doc 1); or alternatively, if it is determined that such a duty of care was owed, Nolen Properties acted reasonably and breached no such duty.

4. Moore's claims may be barred or limited by the doctrines of estoppel, waiver, and/or unclean hands.

5. Moore's claims, and/or components therein, may be barred or limited by the applicable the doctrine of laches.

6. Moore's claims may be barred or limited by the doctrine of release.

7. Moore's claims are barred or limited because Moore failed to mitigate damages.

8. If and to the extent that Moore suffered any damages, then the damages were the result of the superseding and intervening conduct of the Defendants on the Complaint, and/or a third person or persons or entities, each over whom Nolen Properties exercised neither control nor right of control.

9. Moore's claims may be barred or limited by the gist of the action doctrine and/or economic loss rule.

10. Moore's claims may be barred or limited by Moore's sole negligence or comparative negligence (including but not limited to professional negligence, ordinary negligence and/or negligent misrepresentations).

11. Moore's claims may be barred or limited by the doctrines of set off and/or recoupment.

12. Moore's claims may be barred or limited by claims of contribution and/or indemnity against Moore, for which Moore is adjudicated liable.

13. The parties have not completed discovery. Accordingly, Nolen Properties reserves the right to amend this Answer and enumerate additional defenses as they become evident in the discovery process.

## COUNTERCLAIM

### NOLEN PROPERTIES, LLC v. MOORE CONSULTING ENGINEERS, LLC

1. Soley for the purpose of asserting this Counterclaim, the averments of the Complaint (Doc 1) relating to and against Moore are incorporated herein.

2. In the event Moore and/or Righters Ferry is entitled to a recovery against Nolen Properties, which is specifically denied, then Moore is liable to Nolen Properties for contribution, indemnity or otherwise for the full amount of any sums which may be adjudged against Nolen Properties.

## CROSSCLAIM

### NOLEN PROPERTIES, LLC v. MINNO & WASKO ARCHITECTS AND PLANNERS, P.C.

1. Soley for the purpose of asserting this Crossclaim, the averments of the Complaint (Doc 1) relating to and against Minno & Wasko Architects and Planners, P.C. ("Minno & Wasko") are incorporated herein.

2. In the event Moore and/or Righters Ferry is entitled to a recovery against Nolen Properties, which is specifically denied, then Minno & Wasko is liable to Nolen Properties for contribution, indemnity or otherwise for the full amount of any sums which may be adjudged against Nolen Properties.

WHEREFORE, Third-Party Defendant Nolen Properties, LLC respectfully requests that judgment be entered in its favor and against Third-Party Plaintiff Moore Consulting Engineers, LLC , together with interest, costs, attorneys' fees, and other such and further relief that the Court deems appropriate.

Dated: February 21, 2024

                                                          */s/ Jeffrey D. Grossman*
                                                          Jeffrey D. Grossman, Esq.
                                                          Adriel J. Garcia, Esq.
                                                          STRADLEY RONON STEVENS & YOUNG, LLP
                                                          2600 One Commerce Square
                                                          Philadelphia, PA 19103-7098
                                                          Tel. (215) 564-8061
                                                          Fax (215) 564-8120
                                                          jgrossman@stradley.com; agarcia@stradley.com

                                                          *Attorneys for Third-Party Defendant,*
                                                          *Nolen Properties, LLC*

**CERTIFICATION OF SERVICE**

I, Jeffrey D. Grossman, hereby certify that on February 21, 2024, I caused a true and correct copy of the foregoing pleading to be served to all counsel of record via the Court's electronic filing system.

/s/ Jeffrey D. Grossman
Jeffrey D. Grossman