IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **335 RIGHTERS FERRY ROAD, LP,** : | **CIVIL ACTION** |
| *Plaintiff*, : | |
| : | |
| v. : | |
| : | |
| **MINNO & WASKO ARCHITECTS AND** : | |
| **PLANNERS, PC** *and* **MOORE CONSULTING** : | **NO. 23-cv-1963** |
| **ENGINEERS, LLC,** : | |
| *Defendants*. : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                                                 **MARCH 18, 2024**

Third-Party Plaintiff Moore Consulting Engineers, Inc. ("Moore") brings counts for contribution and common law indemnification against Third-Party Defendant Harkins Builders' Inc. ("Harkins"). ECF No. 31. Presently before the Court is Harkins' Motion to Dismiss Moore's Third-Party Complaint ("the Motion") under Federal Rule of Civil Procedure 12(b)(6). Following oral argument on the Motion on March 6, 2024, and for the reasons stated below, Harkins's Motion is granted, without prejudice.

**I.      BRIEF BACKGROUND AND PROCEDURAL HISTORY**

This is a multi-party construction case concerning the faulty design of a heating, ventilation, and air conditioning (HVAC) system in a 210-unit apartment building owned and developed by Plaintiff 335 Righters Ferry Road, LP ("Righters Ferry"). ECF No. 1 ¶¶ 1, 17. Righters Ferry contracted with Minno & Wasko Architects and Planners, PC ("M&W") to provide architectural design and construction administration services for the project. *Id.* ¶ 18. M&W then subcontracted with Moore to design the building's HVAC system. *Id.* ¶ 23. Righters Ferry held a

1

separate contract with Harkins to serve as the project's general contractor. ECF No. 48-2 at 2. Nolen Properties developed and managed the project and served as an agent of Righters Ferry. ECF No. 31 at ¶¶ 11-12.

In the underlying complaint, Righters Ferry alleges that the faulty design of the building's HVAC system caused excessive humidity, resulting in interior condensation and damages to the property. ECF No. 1 ¶¶ 37, 43. Accordingly, Righters Ferry brought the following counts against M&W and Moore: Count I – breach of contract against M&W; Count II – Professional Negligence against M&W; and Count II – professional negligence against Moore. *Id.* ¶¶ 44-66.

Moore then filed a Third-Party Complaint ("Complaint") against Harkins and Nolen Properties on January 9, 2024. ECF No. 31. Moore alleges that because construction of the building's exterior envelope did not follow project documents, "exterior elements" were able to infiltrate the building, contributing to and/or causing the condensation problems complained about by Righters Ferry in the underlying complaint. *Id.* ¶ 20. Moore brings the following claims against Harkins and Nolen: Count I – Contribution and Count 2 – Common Law Indemnification. *Id.* ¶¶ 21-26

Harkins filed the present Motion on February 20, 2024.[1] ECF No. 48. Harkins asserts that Moore's claims are barred under the gist of the action doctrine and the economic loss doctrine. ECF No. 48-2, 6-12. Moore, as well as M&W – who is not a party to the Complaint – filed briefs in opposition to Harkins's motion to dismiss. ECF Nos. 56 and 57. Harkins, Moore, and M&W presented oral arguments on the motion to dismiss before the Court on March 6, 2024. All parties to the underlying and present action attended the proceedings.

---

[1] Nolen filed their Answer to Moore's Complaint (ECF No. 49) on February 21, 2024.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 14 is the procedural mechanism through which a defendant may file a third-party complaint. Rule 14(a)(1) permits a defending party, as a third-party plaintiff, to serve a complaint on a nonparty who is or may be liable to the third-party plaintiff for all or part of the claims against it. Per Rule 14(a)(2), a third-party defendant may then assert any defense against the third-party plaintiff's claim under Rule 12.

Here, third-party defendant Harkins moves to dismiss third-party plaintiff Moore's claim under Rule 12(b)(6), alleging that Moore has failed to state a claim upon which relief can be granted. ECF No. 48. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The determination as to whether a complaint contains a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Under the *Iqbal*/*Twombly* framework, a plaintiff is not required to plead "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. 544 at 545. Rather, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, a filed pleading must be "'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

circumstances,'" such that "'the factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *Anderson v. Bd. of Sch. Dirs. of Millcreek Twp. Sch. Dist.*, 574 Fed. App'x 169, 174 (3d Cir. 2014) (citing Fed R. Civ. P. 11(b)).  The Third Circuit has further held that "pleading upon information and belief is permissible, where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge and control." *McDermott v. Clondalkin Grp. Inc.*, 649 Fed. App'x. 263, 268-69 (3d Cir. 2016) (citations omitted) (EBITDA information is solely within a corporate defendant's control); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 n.31 (3d Cir. 2015) (information regarding membership of the defendant LLCs is uniquely within their possession).

### III.   DISCUSSION

Harkins moves to dismiss Moore's Complaint on the grounds that Moore's claims for common law indemnification and contribution are barred by the gist of the action and the economic loss doctrines. ECF No. 48-2 at 6-11. The Court will not address the legal merits of Moore's claims here. Rather, upon review of the factual allegations pled in Moore's Complaint, the Court finds that Moore has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and the *Iqbal*/*Twombly* framework.

Under *Iqbal*/*Twombly*, Moore must articulate enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To this end, however, Moore's Complaint allocates just three sentences to Harkins's alleged role in causing water damage to Righters Ferry's building. The first sentence describes Harkins as "the general contractor for the project to build the [b]uilding." ECF No. 31 ¶ 18. The next sentence describes Harkins's role in the project: "[A]s general contractor, Harkin[s] Builders, Inc. was in charge of coordination, inspection, and approval of all aspects of construction, including but not limited to, the

construction of the exterior envelope of the [b]uilding." *Id.* ¶ 19. Finally, in the third sentence, Moore – relying on information and belief only – alludes to Harkins's liability to Righters Ferry:

> On information and belief, the construction of the exterior envelope of the building failed to comport with the project documents and, as such, allowed infiltration of exterior elements into the building that could have affected the design of the HVAC system and thereby contributed [to] and/or caused the condensation issues allegedly experienced [by] and complained of by the First-party plaintiff in its First-party [c]omplaint.

*Id.* ¶ 20.

Based on these three statements alone, Moore attempts to assert claims for contribution and indemnification against Harkins. "A third-party plaintiff seeking contribution says to the third-party defendant, '*we* are liable'; one seeking indemnity says[,] '*you* are liable.' Thus, contribution is a 'fault-sharing mechanism,' while indemnification is a 'fault-shifting' mechanism.'" *Pansini v. Trane Co.*, No. 17-3948, 2018 WL 2129453, at *3 (E.D. Pa. May 9, 2018) (internal citations omitted) (emphasis in original). Both claims "are only available for liability sounding in tort and [are] not available for breach of contract." *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 493-94 (W.D. Pa. 2016).

Contribution "is not a recovery for the tort, but rather it is the enforcement of an equitable duty to share liability for the wrong done by both." *Agere Sys., Inc. v. Advanced Env't. Tech. Corp.*, 552 F. Supp. 2d 515, 520 (E.D. Pa. May 14, 2008) (citations omitted). It is "state substantive law that recognizes a right [of] contribution and/or indemnity." *In re One Meridian Plaza Fire Litig.*, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993). By statute, the right of contribution exists only among joint tortfeasors. 42 Pa. C.S.A. § 8324(a). Joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. C.S.A. § 8322(a). As joint tortfeasors, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must

5

unite in causing a single injury." *Operada Maritima de Granales, S.A. v. Gamesa Wind U.S., LLC*, 989 F. Supp. 2d 445, 449 (E.D. Pa. 2013) (citation omitted).

Common law indemnification, by contrast, is a "fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss." *Zurich Am. Ins. Co. v. A.T. Chadwick Co.*, No. 20-2180, 2022 WL 425890, at *2 (E.D. Pa. Feb. 11, 2022). If a party plays "any part" in causing injury, that party may not indemnify another party. *Id.* (quoting *Sirianni v. Nugent Bros., Inc.*, 506 A.2d 868, 871 (Pa. 1986).

Moore's sparse allegations result in the Court's finding that Moore has failed to state plausible claims to contribution and indemnification. Further, Moore's singular reliance on nothing more robust than "information and belief" is especially curious considering 1) Harkins testified at oral argument that they have provided their entire project file to the parties in this case, *see* Tr. of Oral Arg. at 10:1-2 and 2) Harkins's role in the project did not involve "requisite factual information [that] is peculiarly within the defendant's knowledge and control," *see Anderson*, 574 Fed. App'x at 174. Harkins instead proffers threadbare facts to support their claims that Harkins – a contract-holder with Righters Ferry – is also liable to Righters Ferry as a joint tortfeasor, or that Moore had zero role in causing damages to Righters Ferry's building such that total liability in tort could shift to Harkins. Moore offers no exhibits, attachments, or any other allegations of fact that indicate subsequent discovery will reveal evidence that Harkins failed to perform their obligations as a general contractor in accordance with any contractual agreements among the parties in the building project, or that Harkins performed in a manner not consistent with industry standards.

6

Harkins's Motion is granted without prejudice, however, in light of M&W's assertions in their briefs and at oral argument that Harkins was "involved in the value engineering process" – a claim that is materially different from Moore's allegation that Harkins's "building construction failed to comport with the project documents." Tr. of Oral Arg. at 21:4-5; ECF No. 31 ¶ 20. M&W alleges that, on the advice of Harkins, Righters Ferry and Third-Party Defendant Nolen chose to value engineer (VE) the HVAC system, which resulted in removing ductwork insulation, causing the alleged condensation problems. ECF No. 57 at 4-5. M&W directly ties Harkins to the condensation problems, asserting that "[d]iscovery has revealed" that Harkins was "very aggressive in making various numerous VE decisions throughout the project." *Id.* The Court thus grants Harkins's Motion, but without prejudice, so that Moore may amend their Complaint if the facts warrant.

## IV.     CONCLUSION

Harkins' Motion to Dismiss Third-Party Plaintiff Moore's Complaint is granted, without prejudice. An appropriate Order will be issued.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**