# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP | CIVIL ACTION NO.: NO. 2:23-cv-01963 |
| Plaintiff, | |
| vs. | CIVIL ACTION - LAW |
| MINNO & WASKO ARCHITECTS AND PLANNERS, PC and MOORE CONSULTING ENGINEERS, LLC | **JURY TRIAL DEMANDED** |
| Defendants. and | |
| MINNO & WASKO ARCHITECTS AND PLANNERS, PC | |
| Third-Party Plaintiff | |
| vs. | |
| HARKINS BUILDERS, INC., AND NOLEN PROPERTIES | |
| Third-Party Defendants. | |

**THIRD-PARTY DEFENDANT, HARKINS BUILDERS, INC.'S ANSWER TO THIRD-PARTY, PLAINTIFF, MINNO & WASKO ARCHITECTS AND PLANNERS, PC'S THIRD-PARTY COMPLAINT, WITH AFFERMATIVE DEFENSES AND CROSSCLAIMS**

Third-Party Defendant, Harkins Builders, Inc. ("Answering Defendant"), by

its counsel, Fowler Hirtzel McNulty & Spaulding, LLC, file this Answer to Third-

Party Plaintiff, Mino & Wasko Architects and Planners, PC ("M&W")'s Third-Party

Complaint (the "Third-Party Complaint"), with Affirmative Defenses and Crossclaims as follows:

## THE PARTIES

1.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

2.     Admitted.

## JURISDICTION AND VENUE

3.     Admitted in part and denied in part. It is admitted that First-Party Plaintiff, 335 Righters Ferry Road, LP's ("Plaintiff" or "Owner") Complaint alleges damages in excess of $75,000. The remaining averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

4.     Admitted in part and denied in part. It is admitted that the real property known as 335 Righters Ferry (the "Building") is located within this district. The remaining averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

[W1840466.1]

## <u>FACTS COMMON TO ALL COUNTS</u>

**A. Parties' General Roles and Involvement**

5.      Admitted.

6.      Admitted.

7.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

8.      Denied.  Any such agreement was made between other parties in this case, not with Answering Defendant.

9.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

10.      Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the

corresponding paragraph of the Third-Party Complaint. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

11.     Admitted in part and denied in part. It is admitted that, upon information and belief, Rick Sudall was deposed on May 29, 2024. Mr. Sudall's deposition testimony speaks for itself and any characterization of the same is specifically denied.

12.     Admitted.

13.     Admitted.

14.     Admitted in part and denied in part. It is admitted that Answering Defendant was the general contractor for the Project pursuant to a contract with the Owner (the "Owner/Harkins' General Contract"). Said contract is a written document which speaks for itself and any characterization of the same is specifically denied. Further, it is specifically denied that Exhibit "2" is a complete copy of the Owner/Harkins' General Contract.  Conspicuously missing from Exhibit "2" is Exhibit "C", Clarifications & Exclusions, to the Owner/Harkins' General Contract which is attached hereto as Exhibit "A".

**B. Plaintiff's Complaint and Plaintiff's Allegations Relating to Damages**

15.     Admitted in part and denied in part. It is admitted that in the First-Party Action, the Owner claims damages in excess of $5 million caused by errors and omissions in the Project's MEP design.  The Owner's claims for damages from the first Party-Action, as referenced in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.  Further, Plaintiff's Complaint and the Updated Joint Report of Rule 26(f) Meeting are written documents which speak for themselves and any attempt to characterize the same is specifically denied.

16.     Denied. The Owner's claims for damages to "other property" from the First-Party Action, as referenced in the corresponding paragraph of the Third-Party Complaint, are conclusions of law or mixed conclusions of fact and law to which no response is required in addition to being unsupported by the sworn statements of Owner's designated representative, and these averments are therefore deemed denied.  Further, Plaintiff's Complaint and the Updated Joint Report of Rule 26(f) Meeting are written documents which speak for themselves and any attempt to characterize the same is specifically denied.

17.     Denied. The referenced averments from the First-Party Action, as referenced in the corresponding paragraph of the Third-Party Complaint, are

conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Plaintiff's Complaint is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

18.    Denied. The Updated Joint Report of Rule 26(f) Meeting is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

**C. Owner/Harkins Contract**

19.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, it is specifically denied that Harkins was responsible for inspections, testing, or approval of the Project's construction.

20.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

21.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

22.    Denied. The Owner/Harkins General Contract is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

23.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Finally, the sworn testimony of Third-Party Plaintiff is that Third-Party Plaintiff did not see the Owner/Harkins General Contract until after Plaintiff initiated this lawsuit against it. Therefore, Third-Party Plaintiff could not have reasonably relied upon the contents of the Owner/Harkins General Contract. Likewise, Article 1.1.2 of the General Conditions of the Owner/Harkins General Contract expressly states that the "Contract Documents shall not be construed to create a contractual relationship **of any kind** [] between the Contractor [Third-Party Defendant] and the Architect [Third-Party Plaintiff] or the Architect's consultants…."

24.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

Further, the Owner/Harkins General Contract is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

25.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, the Owner/Harkins General Contract is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

26.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.  Further still, Answering Defendant specifically denies that the Owner/Harkins General Contract obligates it to indemnify M&W.  Rather, the Owner/Harkins General Contract expressly states that M&W is not a third-party beneficiary thereunder. Specifically, the Owner/Harkins Contract provides, "[t]he Contract Documents **shall not be construed to create a relationship *of any kind* [] between the *Contractor and the Architect*** or the Architect's consultants…." (emphasis added). Additionally, Third-Party Defendant's indemnification obligation, per Article 3.18.1 of the General

Conditions of the Owner/Harkins General Contract, excludes any such obligation related to the Project's construction work.

27.    Denied. The Owner/Harkins General Contract is a written document which speaks for itself and any attempt by M&W and/or Mr. Sudall to characterize the same is specifically denied.

28.    Denied. The Owner/Harkins General Contract is a written document which speaks for itself and any attempt by M&W and/or Mr. Sudall to characterize the same is specifically denied.   Further it is specifically denied that the Owner/Harkins General Contract was structured such that any savings in the construction of the mechanical system or other allowance items would inure to the benefit of Harkins. To the contrary, Article 3.8.1.3 of the General Conditions of the Owner/Harkins General Contract expressly provides that "[w]henever costs are more than or less than allowances, the Contract Sum shall be adjusted accordingly by Change Order. The amount of the Change Order shall reflect the (1) the difference between actual costs and the allowances...and (2) changes in the Contractor's costs under Section 3.8.2.2."

29.    Denied.   It is specifically denied that Harkins had an economic incentive to minimize construction costs.  The Owner/Harkins General Contract is a written document which speaks for itself and any attempt by M&W and/or Mr.

Sudall to characterize the same is specifically denied. See also, Answer to Paragraph 28, above, which is incorporated by reference.

30.    Denied. The Owner/Harkins General Contract is a written document which speaks for itself and any attempt by M&W and/or Mr. Sudall to characterize the same is specifically denied.

31.    Denied. Answering Defendant specifically denies the averments contained the corresponding paragraph of the Third-Party Complaint as said averments fail to acknowledge that the Project's Owner dictated the allowance amount and/or budget for the HVAC scope of work and was the sole beneficiary of any savings for the HVAC work and any other allowance amounts. The Owner/Harkins General Contract is a written document which speaks for itself and any attempt by M&W and/or Mr. Sudall to characterize the same is specifically denied. See also, Answer to Paragraph 28, above, which is incorporated by reference.

32.    Admitted in part and denied in part. It is admitted that the HVAC allowances were developed with the intention that the HVAC and other allowance scopes of work would be value engineered and incorporated into the final design documents by Owner and its design team as agreed on Page 1 of Exhibit C of the Owner/Harkins General Contract, Items entitled "Allowances" and "Notice to

Proceed." Further, Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

33.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.  Additionally, this allegation directly conflicts with the Owner/Harkins General Contract, which provides that savings on any allowance items, including the HVAC work, inured to the Owner's benefit.

34.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

35.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

36.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.  Further, it specifically denied that neither Moore Consulting Engineers, LLC ("Moore") nor M&W were involved in discussions regarding the HVAC allowances.

**D. Harkins' Alleged Involvement with Value Engineering of the Project**

37.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied. Additionally, any value engineering suggestions were reviewed and, if not objected to, incorporated into the Project's design by M&W.

38.    Denied. It is specifically denied that Answering Defendant made numerous representations, promises, assurances and/or recommendation to Nolen and the Owner which contradicted, reversed and/or bypassed Moore and/or M&W.

39.    Denied. It is specifically denied that Harkins dictated to the Owner and design team how to construct the project. Harkins constructed the Project as required by the Contract Documents and as approved by the Owner, the Third-Party Plaintiff [the Architect], and the Authorities having jurisdiction over the Project.

40.    Denied.  The averments of the corresponding paragraph of the Third-Party Complaint are specifically denied as said averments fail to acknowledge that both M&W and Moore also participated in the same meetings relating to value engineering and subsequently revised their designs to incorporate costs savings to which they did not object for the benefit of the Owner.

41.    Denied.  It is specifically denied that Answering Defendant made "unilateral" value engineering decisions.  To the contrary, all value engineering decisions concerning the Project's design involved, by necessity, the input of M&W and Moore, and both M&W and Moore subsequently revised their designs to incorporate costs savings to which they did not object for the benefit of the Owner.

42.    Denied. The email attached as Exhibit "3" is writing which speaks for itself and any attempt to characterize the same is specifically denied. Likewise, any such Risk Contingency would not include savings on allowance items, including

those associated with the HVAC system, per the express requirements of the Contract Documents.

43.    Denied. The Project meeting minutes prepared by Harkins are written documents which speak for themselves and any attempt to characterize the same is specifically denied. Moreover, the Project meeting minutes document M&W and Moore's involvement in the value engineering process, both through their respective participation in the Project meetings and receipt of the minutes for the same, and subsequent revisions of their respective designs.

44.    Denied.  The pre-construction meeting minute attached as Exhibit "4" is a written document which speaks for itself. Further, said meeting minute specifically identifies Answering Defendant's intention to "schedule a sit-down meeting with Mechanical engineer to review" potential HVAC redesign. Additionally, all costs savings items desired by the Owner had to be reviewed, approved, and incorporated into the final design documents by M&W and Moore.

45.    Denied. The pre-construction meeting minute attached as Exhibit "4" is a written document which speaks for itself.

46.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

47.    Denied. The Owner & Architect Progress Meeting Minute 1 attached as Exhibit "5" is a written document which speaks for itself and any attempt to

characterize the same is specifically denied. Additionally, all costs savings items desired by the Owner had to be reviewed, approved, and incorporated into the final design documents by M&W and Moore.

48.    Admitted in part, denied in part. It is admitted only that M&W and Moore were involved in the value engineering process and, in fact, reviewed, approved, and incorporated into the final design documents all value engineering suggestions to which M&W and Moore did not object. The remaining allegations are specifically denied. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

49.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. As confirmed by the sworn testimony of M&W designated representative, options that the Owner desired to reduce the costs of the HVAC work were discussed with M&W, who approved those options and arranged for the final design documents to incorporate all such options.

50.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.  Further, the Owner relied on M&W's

approval and revision of its design to incorporate design options desired by the Owner to reduce HVAC costs.

51.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

52.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

53.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

54.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

55.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

56.     Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

57.     Admitted in part and denied in part. It is admitted that UGI HVAC Enterprises, Inc. supplied the HVAC units for the project. Mr. Sudall's testimony, however, speaks for itself and any attempt to characterize the same is specifically denied.

58.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied. Further, the averments of the corresponding paragraph of the Third-Party Complaint are specifically denied as said averments fail to acknowledge that Moore approved the changes.

59.     Denied. Mr. Sudall's testimony and the referenced "project documents" speak for themselves and any attempt to characterize the same are specifically denied. Further, it is specifically denied that Moore was "sidelined" from the re-design of the HVAC system.

60.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

61.     Denied. The Construction Meeting Minute dated April 27, 2027 attached as Exhibit "20" is a written document which speaks for itself and any attempt to characterize the same is specifically denied. Further, it is specifically denied that said Construction Meeting Minute reflects a meeting only attended by representatives of Harkins, Nolen and lenders as the quoted minute reflects an item from the previous construction meeting of April 6, 2017.

62.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied. Further, it is specifically denied that Harkins was "driving the value engineering with respect to the sizing of [HVAC] equipment."

63.    Denied. The meeting minutes are written documents which speak for themselves and any attempt by M&W and/or Mr. Sudall to characterize the same is specifically denied.

64.    Denied. Discovery conducted to date has confirmed that M&W and Moore were involved with and approved the sizing of the Project's HVAC units.

65.    Admitted in part and denied in part. It is admitted that certain ductwork insulation was eliminated in the Project's final design issued by M&W and Moore. M&W's characterization of the same as "critical" is specifically denied. Further, the Project's design documents are writings which speak for themselves and any characterization of the same is specifically denied.  Further still, M&W fails to acknowledge that exclusion of ductwork in certain areas of the project was part of the Clarifications and Exclusions in the Owner/Harkins General Contract.

66.    Denied. The Project's design documents are writings which speak for themselves and any characterization of the same is specifically denied.  Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the remaining averments contained in the corresponding paragraph of the Third-Party Complaint, and said averments are therefore deemed denied.

67.    Denied. The Project's design documents are writings which speak for themselves and any characterization of the same is specifically denied.  .

68.    Denied. The Owner and Architect Progress meeting minute dated April 27, 2017, is a document which speaks for itself and any attempt to characterize the same is specifically denied.  Answering Defendant further denies the averments of the corresponding paragraph of the Third Party Complaint as said averments fail to acknowledge Moore and M&W also were involved in and, ultimately, approved the re-designed ductwork omitting certain insulation.

69.    Admitted.

70.    Denied.  The averments of the corresponding paragraph of the Third-Party Complaint are specifically denied as said averments fail to acknowledge that Moore and M&W also were involved in and, ultimately, approved the re-designed ductwork omitting certain insulation. It is further denied that Harkins made any representations to Owner, Nolen, M&W, or Moore related to the feasibility or propriety of omitting certain insulation from the ductwork. Rather, such opinions and the final decision as to whether to omit certain duct work was reserved for the Owner and M&W and Moore as the design professionals of record.

71.    Denied. Moore's June 15, 2017, email attached as Exhibit "7" is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

72.     Denied. M&W's June 15, 2017, email attached as Exhibit "8" is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

73.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

74.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.  Further, the averments of the corresponding paragraph of the Third-Party Complaint are specifically denied as said averments fail to acknowledge that Moore and/or M&W ultimately approved omission of certain duct work insulation. It is further denied that Harkins made any recommendations or representations to Owner, Nolen, M&W, or Moore related to the feasibility or propriety of omitting certain insulation from the ductwork. Rather, such opinions and the final decision as to whether to omit certain duct work was reserved for the Owner and M&W and Moore as the design professionals of record.

75.     Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.  Further, the averments of the corresponding paragraph of the Party Complaint are specifically denied as said averments fail to acknowledge that Moore and/or M&W ultimately approved

omission of certain duct work insulation. It is further denied that Harkins made any recommendations or representations to Owner, Nolen, M&W, or Moore related to the feasibility or propriety of omitting certain insulation from the ductwork. Rather, such opinions and the final decision as to whether to omit certain duct work was reserved for the Owner and M&W and Moore as the design professionals of record.

76.    Denied. The meeting minutes and project documents are written documents which speak for themselves and any attempt to characterize the same is specifically denied.  Further, the averments of the corresponding paragraph of the Party Complaint are specifically denied as said averments fail to acknowledge that Moore and/or M&W ultimately approved omission of certain duct work insulation.

77.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied. Further, Answering Defendant specifically denies that it changed any aspect of the Project's design without approval from Moore and/or M&W.

78.    Admitted.

79.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.  Further, the averments of the corresponding paragraph of the Third-Party Complaint are specifically denied as said averments fail to acknowledge that Moore and/or M&W approved any and all

design changes impacting the Project's roof insulation and/or Building envelope and/or exterior skin.

### E. Harkins' Alleged Responsibility for, and Liability Associated with, VEing the Project

80.     Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. It is further denied that Harkins made any recommendations or representations to Owner, Nolen, M&W, or Moore related to the feasibility or propriety of omitting certain insulation from the ductwork. Rather, such opinions and the final decision as to whether to omit certain duct work was reserved for the Owner and M&W and Moore as the design professionals of record.

81.     Denied. It is specifically denied that Answering Defendant made decisions relating to the construction of the Building without regard for M&W and Moore's involvement, feedback, input and/or position. M&W and Moore were involved in the value engineering process and, in fact, reviewed, approved, and incorporated into the final design documents all value engineering options to which M&W and Moore did not object.

82.     Denied. It is specifically denied that Answering Defendant failed to cooperate with M&W and/or went out of its way to "bypass, 'sideline', minimize or

restrict M&W's involvement in, and positions with respect to, the VE process." The averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

83.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. M&W and Moore were involved in the value engineering process and, in fact, reviewed, approved, and incorporated into the final design documents all value engineering options to which M&W and Moore did not object.

84.    Denied.  The averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. It is further denied that Harkins made any misrepresentations to Owner, Nolen, M&W, or Moore.

85.    Denied.  The averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. It is further denied that Harkins made any representations to Owner, Nolen, M&W, or Moore related to the feasibility or propriety of any design changes. Rather,

[W1840466.1]

such opinions and the final decision as to whether to implement such design changes was reserved for the Owner and M&W and Moore as the design professionals of record.

86.    Denied.  The averments contained in the corresponding paragraph of the Third-Party Complaint are also conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. It is further denied that Harkins made any representations to Owner, Nolen, M&W, or Moore related to the feasibility or propriety of any design changes. Rather, such opinions and the final decision as to whether to implement such design changes was reserved for the Owner and M&W and Moore as the design professionals of record.

### F.  Alleged Deficiencies in the Building's Construction

87.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied. Further, it is specifically denied that Answering Defendant "cut corners" in the construction of the Project.

88.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied. Further, the averments of the corresponding paragraph of the Third-Party Complaint are specifically denied as

said averments fail to acknowledge that all punch list items were addressed by Answering Defendant and/or its subcontractors. Further still, Answering Defendant specifically denies that there were any deficiencies in the Project's construction.

89.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.    Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction.

90.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.    Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction.

91.    Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.    Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction.

92.    Denied.  The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction.

### G. Opinions as to the Cause of the Building's Alleged Issues

93.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

## 1.    Moore's Analysis

94.    Denied. Moore's November 12, 2021, Analysis attached as Exhibit "9" is a written document which speaks for itself and any attempt to characterize the same is denied.

95.    Denied. Moore's November 12, 2021, Analysis attached as Exhibit "9" is a written document which speaks for itself and any attempt to characterize the same is denied.  Further, it is specifically denied that Moore "was not involved in the VE effort and did not provide any direction for elimination of insulation." To the contrary, Moore expressly acknowledged that it would eliminate insulation from the ductwork on June 15, 2017, per Exhibit "7" to M&W's Third-Party Complaint.

96.    Denied. Moore's November 12, 2021, Analysis attached as Exhibit "9" is a written document which speaks for itself and any attempt to characterize the same is denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same were the cause of condensation issues which are the subject of this litigation.

97.    Denied. Moore's November 12, 2021, Analysis attached as Exhibit "9" is a written document which speaks for itself and any attempt to characterize the

same is denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that any issues observed during construction were not promptly and adequately addressed.

98.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

99.     Admitted in part and denied in part. It is admitted that Plaintiff alleges that it has suffered damages. The remaining averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

100.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

**2.  Building Science Corporation Report**

101.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law

to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

102.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction and/or deviation from the design documents, or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

103.    Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied. Further, the averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further still, Answering Defendant specifically denies that there were any deficiencies in the Project's construction and/or deviation from the design documents, or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

104.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

105.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

106.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts by Mr. Sudall or M&W to characterize the same are specifically denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

107.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, were the cause of condensation issues which are the subject of this litigation.

108.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts by Mr. Sudall or M&W to characterize the same are specifically denied. Further, Answering Defendant specifically denies that there were any deficiencies in the Project's construction or that the same, being denied, went unaddressed by Answering Defendant and/or were the cause of condensation issues which are the subject of this litigation.

109.   Denied. Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.  Further, Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments, by and through Mr. Sudall's testimony, contained in the corresponding paragraph of the Third-Party Complaint.

110.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied.

111.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied.

112.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied.

113.   Denied. The BSC Report attached as Exhibit "10" is a document which speaks for itself and any attempts to characterize the same are specifically denied. Further, the averments contained in the corresponding paragraph of the Third-Party

Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further still, it is specifically denied that the alleged condensation issues, mold growth and interior humidity problems are attributable to any conduct by or on behalf of Answering Defendant.

114.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, it is specifically denied that the alleged condensation issues, mold growth and interior humidity problems are attributable to any conduct by or on behalf of Answering Defendant.

115.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, it is specifically denied that the alleged condensation issues, mold growth and interior humidity problems are attributable to any conduct by or on behalf of Answering Defendant.

### 3. Building Superintendent's Position on the Cause of Condensation Issues.

116.    Denied. The Building's superintendent email dated July 14, 2020 attached as Exhibit "11" is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

117.    Denied.  Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

118.    Denied.  Mr. Sudall's testimony speaks for itself and any attempt to characterize the same is specifically denied.

119.    Denied. Answering Defendant is without knowledge or information sufficient to form a belief as the veracity of the averments contained in the corresponding paragraph of the Third-Party Complaint.

120.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

121.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

122.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

## **COUNT I**

## **CONTRIBUTION**

123.    Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

124.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

125.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

126.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

127.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

128.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

129.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

130.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

131.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

132.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

133.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties

for the costs of this action, interests, reasonable attorneys' fees, and any other relief
which this Court may deem just or appropriate.

## COUNT II

## COMMON LAW INDEMNIFICATION

134.   Answering Defendant incorporates by reference the responses
contained in the paragraphs above, as if fully set forth at length herein.

135.   Denied. The averments contained in the corresponding paragraph of the
Third-Party Complaint are conclusions of law or mixed conclusions of fact and law
to which no response is required, and these averments are therefore deemed denied.

136.   Denied. The averments contained in the corresponding paragraph of the
Third-Party Complaint are conclusions of law or mixed conclusions of fact and law
to which no response is required, and these averments are therefore deemed denied.

137.   Denied. The averments contained in the corresponding paragraph of the
Third-Party Complaint are conclusions of law or mixed conclusions of fact and law
to which no response is required, and these averments are therefore deemed denied.

138.   Denied. The averments contained in the corresponding paragraph of the
Third-Party Complaint are conclusions of law or mixed conclusions of fact and law
to which no response is required, and these averments are therefore deemed denied.

139. Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

140. Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

141. Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

142. Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## COUNT III

## CONTRACTUAL INDEMNIFICATION

143. Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

144.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

145.    Denied. The Owner/Harkins General Contract is a written document which speaks for itself and any attempt to characterize the same is specifically denied.

146.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

147.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

148.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

149.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

150.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

151.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## COUNT IV

## NEGLIGENCE

152.    Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

153.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

154.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

155.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

156.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

157.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

158.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

159.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

160.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

161.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

162.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

163.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

164.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

165.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## COUNT V

## NEGLIGENT MISREPRESENTATION

166.   Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

167.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

168.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

169.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

170.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

171.   Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

172.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

173.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

174.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

175.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

176.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## COUNT VI

## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

177.    Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

178.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

179.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

180.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1,

2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

181.  Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

182.  Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

183.  Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

184.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## COUNT VII

## BREACH OF CONTRACT

185.    Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

186.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

187.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

188.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

189.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

190.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law

to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

191.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

192.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

193.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1,

2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

194.    Denied. The averments contained in the corresponding paragraph of the Third-Party Complaint are conclusions of law or mixed conclusions of fact and law to which no response is required, and these averments are therefore deemed denied. Further, Answering Defendant incorporates the Court's Order dated November 1, 2024 dismissing Counts VI and VII of M&W's Third-Party Complaint with prejudice (ECF Doc. 94) as if fully set forth at length herein.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All claims against Answering Defendant were released pursuant to the Settlement and Release Agreement entered between Plaintiff, 335 Righters Ferry Road, L.P. and Answering Defendant.

### Second Affirmative Defense

M&W's claims against Answering Defendant are barred by the statute of limitations.

### Third Affirmative Defense

M&W's claims are barred or limited as a result of its own breaches or wrongful conduct.

### Fourth Affirmative Defense

Plaintiff, 335 Righters Ferry Road, L.P.'s claims are barred by the statute of limitations.

### Fifth Affirmative Defense

At all times, Answering Defendant owed no duty to M&W with respect to the Project's development, design, including its value engineering, and/or construction; or alternatively, if Answering Defendant owed a duty to M&W, Answering Defendant acted reasonably and breached no such duty.

### Sixth Affirmative Defense

Answering Defendant performed each and every duty which was owed to Plaintiff, 335 Righters Ferry Road, L.P.

### Seventh Affirmative Defense

The damages complained of by Plaintiff, 335 Righters Ferry Road, LP were caused by the acts or omissions of some other person or party over whom Answering Defendant had no control or right of control.

### Eighth Affirmative Defense

Plaintiff, 335 Righters Ferry Road, LP is liable for negligence which contributed to the alleged damage and, therefore, barred from recovery or subject to having the same diminished in accordance with Pennsylvania Law.

### Ninth Affirmative Defense

The complained of damages were caused by design and/or other defects which did not result from any act or omission on the part of Answering Defendant.

### Tenth Affirmative Defense

Plaintiff, 335 Righters Ferry Road, LP assumed the risk of injury or harm.

### Eleventh Affirmative Defense

M&W's tort-based claims against Answering Defendant are barred by the Gist of the Action Doctrine.

### Twelfth Affirmative Defense

M&W's tort-based claims against Answering Defendant are barred by the Economic Loss Doctrine.

### Thirteenth Affirmative Defense

Plaintiff, 335 Righters Ferry Road, LP failed to mitigate its damages.

### Fourteenth Affirmative Defense

M&W's contractual indemnity claim fails as a matter of law because M&W is not an intended third-party beneficiary of the Owner/Harkins General Contract.

{W1840466.1}

### Fifteenth Affirmative Defense

M&W's claims are barred, in whole or in part, by the *Spearin* doctrine.

### Sixteenth Affirmative Defense

The intervening negligent acts or omissions of other persons or entities may have constituted superseding causes of the damages complained of by Plaintiff.

### Seventeenth Affirmative Defense

M&W's Third-Party Complaint fails to state a claim upon which relief may be granted.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

### CROSSCLAIM

### Harkins Builders, Inc. v. Minno & Wasko Architects and Planners, PC, Moore Consulting, Engineers, LLC, and Nolen Properties, LLC

1. Answering Defendant incorporates by reference the responses and affirmative defenses contained in the paragraphs above, as if fully set forth at length herein.

[W1840466.1]

2.      Solely for the purposes of asserting this Crossclaim, Answering Defendant incorporates by references the averments of Plaintiff's Complaint (Doc 1) relating to M&W and Moore, as if fully set forth at length herein.

3.      Solely for the purposes of asserting this Crossclaim, Answering Defendant incorporates by references the averments of Moore's Third-Party Complaint against Third-Party Defendant, Nolen Properties, LLC ("Nolen Properties") (Doc 31), as if fully set forth at length herein.

4.      In the event that M&W and/or Plaintiff, 335 Righters Ferry Road, LP are entitled to a recovery against Answering Defendant, which is specifically denied, then M&W, Moore and Nolen Properties are liable to Answering Defendant for contribution, indemnity or otherwise for the full amount of sums which may be adjudged against Answering Defendant.

**WHEREFORE**, Third-Party Defendant, Harkins Builders, Inc., respectfully request that this Honorable Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

*Signature on the following page*

[W1840466.1]

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLC**

**By**    **/S/ ANDREW J. SPAULDING**

Dated: November 22, 2024

ANDREW J. SPAULDING, ESQUIRE
SAMUEL A. GARSON, ESQUIRE
PA ID #: 88096
PA ID #: 324340
Fowler, Hirtzel, McNulty & Spaulding, LI
1717 Arch Street., Suite 1310
Philadelphia, PA 19103
P: 215-789-4844
M: 267-680-4961
E: aspaulding@fhmslaw.com
E: sgarson@fhmslaw.com
Attorney for Third-Party Defendant,
Harkins Builders, Inc.

[W1840466.1]