IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP,<br><br>    Plaintiff,<br><br>    v.<br><br>MINNO & WASKO ARCHITECTS AND PLANNERS, PC *et al.*,<br><br>    Defendants. | Civil Action No. 2:23-cv-01963<br><br>JURY TRIAL DEMANDED |

**THIRD-PARTY DEFENDANT NOLEN PROPERTIES, LLC's
ANSWER TO HARKINS BUILDERS CROSSCLAIM**

Third-Party Defendant, Nolen Properties, LLC ("Nolen Properties"), hereby files this Answer to the Crossclaim of Harkins Builders, Inc. ("Harkins"), and in support thereof, avers as follows:

**ANSWER**

1. Denied. This paragraph purports to incorporate all of Harkins's 194 responses, plus 17 affirmative defenses, in Harkins's Answer [Dkt. 95] to the Third-Party Complaint of Defendant Minno & Wasko Architects and Planners, P.C. ("M&W"), which responses and affirmative defenses are directed at another party, state legal conclusions, and to which no response is required.

2. Admitted.

3. Denied. This paragraph purports to incorporate all paragraphs from the Third-Party Complaint [Dkt. 31] of Defendant Moore Consulting Engineers, LLC ("Moore"), and no response is required. If and to the extent a response is required, Nolen Properties incorporates its Answer to Moore's Third Party Complaint [Dkt. 49] as if set forth fully herein.

4. Denied. This paragraph states a legal conclusion to which no response is required.

**AFFIRMATIVE DEFENSES**

1. Harkins fails to state a cause of action upon which relief may be granted.

- 2 -

2. Harkins's claims are barred or limited as a result of its own breaches or wrongful conduct.

3. At all times, Nolen Properties owed no duty of care to Harkins or Plaintiff with respect to the development of the Project described in the Complaint (Doc 1); or alternatively, if it is determined that such a duty of care was owed, Nolen Properties acted reasonably and breached no such duty.

4. Harkins's claims may be barred or limited by the doctrines of estoppel, waiver, fraud, and/or unclean hands.

5. Harkins's claims, and/or components therein, may be barred or limited by the applicable statutes of limitations and/or the doctrine of laches.

6. Harkins's claims may be barred or limited by the doctrine of release.

7. Harkins's claims are barred or limited because Harkins failed to mitigate damages.

8. Harkins's claims may be barred or limited by the doctrine of accord and satisfaction.

9. Harkins's claims may be barred or limited by the doctrines of unilateral or mutual mistake.

10. Harkins's claims may be barred or limited by the doctrine of repudiation.

11. If and to the extent that Harkins suffered any damages, then the damages were the result of the superseding and intervening conduct of another party and/or a third person or persons or entities, each over whom Nolen Properties exercised neither control nor right of control.

12. Harkins's claims may be barred or limited by the economic loss rule.

13. Harkins's claims may be barred or limited by Harkins's sole negligence or comparative negligence (including but not limited to professional negligence, ordinary negligence and/or negligent misrepresentations).

14. Harkins's claims may be barred or limited by the doctrines of set off and/or recoupment.

15. Harkins's claims may be barred or limited by claims of contribution and/or indemnity against Harkins, for which Harkins is adjudicated liable.

16. The parties have not completed discovery. Accordingly, Nolen Properties reserves the right to amend this Answer and enumerate additional defenses as they become evident in the discovery process.

## CROSSCLAIM

### NOLEN PROPERTIES, LLC V. HARKINS BUILDERS, INC., HOMESERVE USA ENERGY SERVICES, LLC, CENTRAL II, INC., ALTHEA STONE CORPORATION, LEGACY SERVICES USA, LLC, AND LM CONSTRUCTION ENTERPRISES, INC.

1. On November 25, 2024, Harkins filed a Third-Party Complaint [Dkt. 96] against Additional Defendants Homeserve USA Energy Services, LLC (d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.), Central II, Inc., Althea Stone Corporation, Legacy Services USA, LLC, and LM Construction Enterprises, Inc. (together, the "Harkins Subcontractors").

2. Solely for the purpose of asserting this Crossclaim, the averments of Moore's Third-Party Complaint [Dkt. 31] relating to and against Nolen Properties and Harkins are incorporated herein.

3. Solely for the purpose of asserting this Crossclaim, the averments of M&W's Third-Party Complaint [Dkt. 72] relating to and against Harkins are incorporated herein.

4. Solely for the purpose of asserting this Crossclaim, the averments of Harkins's Third-Party Complaint [Dkt. 96] are incorporated herein.

5. In the event Moore is entitled to a recovery against Nolen Properties, which is specifically denied, and the construction defect and other claims alleged against Harkins and the

Harkins Subcontractors, or any of them, are proven, then to that extent, Harkins and the Harkins Subcontractors are jointly and severally liable to Nolen Properties for contribution, indemnity or otherwise for the full amount of any sums which may be adjudged against Nolen Properties.

WHEREFORE, Third-Party Defendant Nolen Properties, LLC respectfully requests that judgment be entered in its favor and against, jointly and severally, Harkins Builders, Inc., Homeserve USA Energy Services, LLC (d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.), Central II, Inc., Althea Stone Corporation, Legacy Services USA, LLC, and LM Construction Enterprises, Inc., together with interest, costs, attorneys' fees, and other such and further relief that the Court deems appropriate.

Dated: December 13, 2024

*/s/ Jeffrey D. Grossman*
Jeffrey D. Grossman, Esq.
Adriel J. Garcia, Esq.
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Tel. (215) 564-8061
Fax (215) 564-8120
jgrossman@stradley.com; agarcia@stradley.com

*Attorneys for Third-Party Defendant,*
*Nolen Properties, LLC*

7200443v.1

**CERTIFICATION OF SERVICE**

I, Jeffrey D. Grossman, hereby certify that on December 13, 2024, I caused a true and correct copy of the foregoing pleading to be served to all counsel of record via the Court's electronic filing system.

/s/ Jeffrey D. Grossman
Jeffrey D. Grossman

7200443v.1