## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP,<br><br>        Plaintiff,<br><br>    v.<br><br>MINNO & WASKO ARCHITECTS AND PLANNERS, P.C. AND MOORE CONSULTING ENGINEERS, LLC,<br><br>        Defendants. | Civil Action No. 23-CV-01963<br><br>JURY TRIAL DEMANDED |

**MINNO & WASKO ARCHITECTS AND PLANNERS, P.C.'s AMENDED ANSWER TO THIRD-PARTY DEFENDANT HARKINS BUILDERS, INC.'S CROSSCLAIMS, WITH CROSSCLAIMS AGAINST HOMESERVE USA ENERGY SERVICES, LLC, CENTRAL II, INC., ALTHEA STONE CORPORATION, LEGACY SERVICES USA, LLC, LM CONSTRUCTION ENTERPRISES, INC., UGI HVAC ENTERPRISES, INC. AND UGI ENERGY SERVICES, LLC**

Defendant Minno & Wasko Architects and Planners, P.C. (collectively, "M&W" and/or "Answering Defendant"), through its attorneys, Thompson Becker LLC, by way of amended answer to the Third-Party Defendant Harkins Builders, Inc.'s Crossclaims and with Crossclaims aver as follows:

### ANSWER TO CROSSCLAIMS

1.   Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.

2.   Answering Defendant's Answer to the Complaint filed by Plaintiff, 335 Righters Ferry Road, LP is incorporated herein.

3.   Denied. The averments of the corresponding paragraph are not directed to Answering Defendant.

4.      Denied.  The averments in the corresponding paragraph are conclusions of law to which no response is required.  Third-Party Defendant is left to its proofs.

WHEREFORE, Answering Defendant, Minno & Wasko Architects and Planners, P.C., demands judgment in its favor dismissing the Third-Party Defendant Harkins Builders, Inc.'s Crossclaims, costs of suit and reasonable attorneys' fees, and such further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

1.      Harkins fails to state a cause of action upon which relief may be granted.

2.      Harkins's claims are barred or limited as a result of its own breaches or wrongful conduct.

3.      If it is determined that M&W owed a duty of are to Harkins and/or Plaintiff, M&W acted reasonably and breached no such duty.

4.      Harkins's claims may be barred or limited by the doctrines of estoppel, waiver, fraud, and/or unclean hands.

5.      Harkins's claims, and/or components therein, may be barred or limited by the applicable statutes of limitations and/or the doctrine of laches.

6.      Harkins's claims may be barred or limited by the doctrine of release.

7.      Harkins's claims are barred or limited because Harkins failed to mitigate damages.

8.      Harkins's claims may be barred or limited by the doctrine of accord and satisfaction.

9.      Harkins's claims may be barred or limited by the doctrines of unilateral or mutual mistake.

10.     Harkins's claims may be barred or limited by the doctrine of repudiation.

11.     If and to the extent that Harkins suffered any damages, then the damages were the result of the superseding and intervening conduct of another party and/or a third person or persons or entities, each over whom M&W exercised neither control nor right of control.

12.     Harkins's claims may be barred or limited by the economic loss rule.

13.     Harkins's claims may be barred or limited by Harkins's sole negligence or comparative negligence (including but not limited to professional negligence, ordinary negligence and/or negligent misrepresentations).

14.     Harkins's claims may be barred or limited by the doctrines of set off and/or recoupment.

15.     Harkins's claims may be barred or limited by claims of contribution and/or indemnity against Harkins, for which Harkins is adjudicated liable.

16.     The parties have not completed discovery.  Accordingly, M&W reserves the right to amend this Answer and enumerate additional defenses as they become evident in the discovery process.

## <u>CROSSCLAIMS</u>

**HOMESERVE USA ENERGY SERVICES, LLC, CENTRAL II, INC., ALTHEA STONE CORPORATION, LEGACY SERVICES USA, LLC, LM CONSTRUCTION ENTERPRISES, INC., UGI HVAC ENTERPRISES, INC. AND UGI ENERGY SERVICES, LLC**

**CONTRIBUTION AND COMMON LAW INDEMNIFICATION
PURSUANT TO F.R.C.P. 13(g)**

1.     Answering Defendant incorporates by reference its responses to each of the foregoing paragraphs as though set forth fully herein.

2.      Solely for purpose of asserting these Crossclaims, M&W incorporates by reference the averments in Harkins' Amended Third Party Complaint [Doc. 106], as if fully set forth at length herein.  Although, M&W does not admit the averments in Harkins' Amended Third Party Complaint.

3.      Solely for the purpose of asserting these Crossclaims, M&W incorporates by reference the averments in Plaintiff's Complaint [Doc. 1], as if fully set forth at length herein. Although, M&W does not admit the averments in Plaintiff's Complaint.

4.      For the purpose of asserting these Crossclaims, M&W incorporates by reference the averments in M&W's Third Party Complaint [Doc. 72], as if fully set forth at length herein.

5.      As set forth in the Answering Defendant's pleadings in this action, it is expressly denied that M&W is liable to the Plaintiff or any other party or entity on any basis.

6.      To the extent that Plaintiff has sustained any damages as alleged, which averments are expressly denied, and in the event that Plaintiff is entitled to a recovery against M&W, then Third-Party Defendants joined by Harkins) Homeserve USA Energy Services, LLC (d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.), Central II, Inc., Althea Stone Corporation, Legacy Services USA, LLC, LM Construction Enterprises, Inc., UGI HVAC Enterprises, Inc. and UGI Energy Services, LLC (and any third and/or fourth party defendants joined hereafter) are solely liable and/or jointly and severally liable to M&W for contribution, indemnity or otherwise for the full amount of any sums which may be adjudged against M&W.

4

WHEREFORE, Answering Defendant Minno & Wasko Architects and Planners, P.C., respectfully requests that judgment be entered in its favor and against, jointly and severally, against Homeserve USA Energy Services, LLC (d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.), Central II, Inc., Althea Stone Corporation, Legacy Services USA, LLC, LM Construction Enterprises, Inc., UGI HVAC Enterprises, Inc. and UGI Energy Services, LLC, together with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

## ANSWER TO ALL CROSSCLAIMS

Answering Defendant denies all crossclaims filed, or later filed, against it in this action.

## DEMAND FOR JURY TRIAL

Answering Defendants hereby demand trial by jury as to all issues herein.

THOMPSON BECKER L.L.C.
*Attorneys for Defendant,*
*Minno & Wasko Architects and*
*Planners, P.C.*


By:    */s/ Kathleen J. Seligman*

Dated:  December 30, 2024            Joseph T. Ciampoli, Esq.
                              Kathleen J. Seligman, Esq.

## CERTIFICATION OF SERVICE

I, Kathleen J. Seligman, hereby certify that on December 30, 2024, I caused a true and correct copy of the foregoing pleading to be served on all counsel of record via the Court's electronic filing system.


By:___*/s/ Kathleen J. Seligman*___

Dated:  December 30, 2024                        Kathleen J. Seligman, Esq.