**MARGOLIS EDELSTEIN**
Kevin E. Monastra, Esq.
Identification No. 91648
kmonastra@margolisedelstein.com
Joseph Gallo, Esq.
Identification No. 333258
jgallo@margolisedelstein.com
The Curtis Center
170 S. Independence Mall W., Suite 400E
Philadelphia, PA 191026-3337
215.922.1100
***Attorneys for Fourth-Party Defendant,*** *LM Construction Enterprises, Inc.*

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP <br><br> Plaintiff <br><br> v. <br><br> MINNO & WASKO ARCHITECTS, et. al. <br><br> Defendants <br><br> v. <br><br> HARKINS BUILDERS, INC., et. al. <br><br> Third-Party Defendants <br><br> v. <br><br> LM CONSTRUCTION ENTERPRISES, INC., et. al. <br><br> Fourth-Party Defendants | Civil Action No. 23-CV-01963 |

## <u>ANSWER OF LM CONSTRUCTION ENTERPRISES, INC. TO THE<br>THIRD-PARTY COMPLAINT OF DEFENDANT, HARKINS BUILDERS, INC.</u>

Third-Party Defendant, LM Construction Enterprises, Inc. (hereinafter referred to collectively as "LM"), by and through its counsel, MARGOLIS EDELSTEIN, herein Answers the Third-Party Complaint of Defendant, Harkins Builders, Inc. (hereinafter referred to as "Harkins"), and avers as follows:

## NATURE OF THE ACTION

1-5.    Denied.  After reasonable investigation, LM is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in these paragraphs.  Therefore, said averments are deemed denied and strict proof thereof is demanded at the time of trial.

## THE PARTIES

6.    Denied.  After reasonable investigation, LM is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.  Therefore, said averments are deemed denied and strict proof thereof is demanded at the time of trial.

7-13.    Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

14.    Admitted.

15-16.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## JURISDICTION AND VENUE

17-20.  Denied.  The averments in these paragraphs are conclusions of law to which no response is required; therefore, they are deemed denied.

## HOMESERVE

21-36.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## LIBERTY MUTUAL'S PERFORMANCE GUARANTEES

37-40.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## CENTRAL

41-57.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## ATHENA STONE

58-73.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## AMERICAN SOUTHERN'S PERFORMANCE GUARANTEES

74-77.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## LEGACY

78-92.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## UNITED STATES FIRE'S PERFORMANCE GUARANTEES

93-112.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## UGI HVAC

113-128.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## UGI ENERGY

129-144.  Denied.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

## COUNT I – CONTRIBUTION

**Harkins v. HomeServe, UGI HVAC, UGI Energy, Central, Athena Stone,**

**Legacy, and LM Construction**

145.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

146.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

147.    Denied.  The averments in this paragraph directed to LM are conclusions of law to which no response is required under the Pennsylvania Rules of Civil Procedure; therefore, they are deemed denied.  To the extent that the averments in this paragraph directed to LM are deemed to be factual, said averments are specifically denied and strict proof thereof is demanded at the time of trial.  All remaining averments are addressed to a defendant other than LM and, therefore, no response is required

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT II-BREACH OF CONTRACT

**Harkins v. HomeServe, UGI HVAC, UGI Energy and Liberty Mutual**

148.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

149.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

150-162.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT III-BREACH OF PERFORMANCE BOND

### Harkins v. HomeServe, UGI HVAC, UGI Energy and Liberty Mutual

163.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

164.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

165-177.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT IV – CONTRACTUAL INDEMNIFICATION

### Harkins v. HomeServe , UGI HVAC, UGI Energy and Liberty Mutual

178.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

179.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

180-181.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT V – BREACH OF CONTRACT

### Harkins v. Central

182.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

183.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

184-195.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT VI – CONTRACTUAL INDEMNIFICATION

### Harkins v. Central

196.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

197.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

198-199.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT VII – BREACH OF CONTRACT

### Harkins v. Athena Stone and American Southern

200.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

201.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

202-214.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT VIII[1] – BREACH OF PERFORMANCE BOND

### Harkins v. Athena Stone and American Southern

215.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

216.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

---

[1] This count is improperly marked Count VI.

217-229.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT IX – CONTRACTUAL INDEMNIFICATION[2]

### Harkins v. Athena Stone and American Southern

230.     LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

231.     LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

232-233.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT X – BREACH OF CONTRACT[3]

### Harkins v. Legacy and United States Fire

234.     LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

235.     LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

---

[2] This count is improperly marked Count VII.
[3] This count is improperly marked Count VIII.

236-248.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT XI – BREACH OF PERFORMANCE BOND[4]

### Harkins v. Legacy and United States Fire

249.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

250.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

251-263.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT XII – CONTRACTUAL INDEMNIFICATION[5]

### Harkins v. Legacy and United States Fire

264.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

265.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

---

[4] This count is improperly marked Count IX.
[5] This count is improperly marked Count X.

266-267.  The averments in these paragraphs are addressed to a defendant other than LM and, therefore, no response is required.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT XIII – BREACH OF CONTRACT[6]

### Harkins v. LM Construction

268.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

269.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

270-281.  Denied.  The averments in these paragraphs directed to LM are conclusions of law to which no response is required; therefore, they are deemed denied.  To the extent that the averments in this paragraph directed to LM are deemed to be factual, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## COUNT XIV – CONTRACTUAL INDEMNIFICATION[7]

### Harkins v. LM Construction

282.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

---

[6] This count is improperly marked Count XI.
[7] This count is improperly marked Count XII.

283.    LM incorporates by reference its answers to the preceding paragraphs as though set forth at length herein.

284-285.    Denied.  The averments in these paragraphs directed to LM are conclusions of law to which no response is required; therefore, they are deemed denied.  To the extent that the averments in this paragraph directed to LM are deemed to be factual, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** LM demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint and/or Third-Party Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's and/or Harkins' claims, if any, are barred, in whole or in part, by the statute of limitations.

### Third Affirmative Defense

Plaintiff's and/or Harkins' claims, if any, are barred and/or substantially reduced due to Plaintiff's and/or Harkins' comparative negligence, pursuant to 42 Pa. C.S.A. §7102, *et seq.*

### Fourth Affirmative Defense

Plaintiff's and/or Harkins' claims, if any, may be barred by the application of the Pennsylvania Fair Share Act, 42 Pa. C.S.A. § 7102, because of the liability of any other defendant or party with whom Plaintiff's and/or Harkins' have entered into a release.

### Fifth Affirmative Defense

Under the Pennsylvania Fair Share Act, 42 Pa. C.S.A. § 7102, if LM is found liable, which said liability is denied herein, LM is only liable for their own percentage of liability as found by a fact finder.

### Sixth Affirmative Defense

Plaintiff's and/or Harkin's claims, if any, are barred, in part, under the doctrine's waiver and/or release.

**Seventh Affirmative Defense**

LM did not breach any duty, in contract or common law, to Plaintiff and/or Harkin and/or any other party or entity relevant hereto.

**Eighth Affirmative Defense**

Plaintiff and/or Harkins did not sustain any damages as a result of any act and/or omission of LM.

**Ninth Affirmative Defense**

LM exercised all reasonable care in fulfilling its common law and contractual obligations related to the project.

**Tenth Affirmative Defense**

Plaintiff's and/or Harkins' damages, if any, were the direct, proximate and sole result, or were substantially contributed to, by the negligence, carelessness and recklessness of parties, entities and/or individuals over whom LM had no control or right of control and for whom LM is not responsible.

**Eleventh Affirmative Defense**

LM was not obligated to and did not control the means, methods, sequences, techniques and/or procedures to be used by Harkins' and/or any subcontractors that performed work on the project.

**Twelfth Affirmative Defense**

LM did not supply any alleged defective materials/products that were utilized in the project.

**Thirteenth Affirmative Defense**

LM is not responsible for any damage to its work caused by follow-on trades.

### Fourteenth Affirmative Defense

Plaintiff's and/or Harkins and/or other parties, persons and/or entities have failed to properly mitigate damages.

### Fifteenth Affirmative Defense

Plaintiff's and/or Harkins' claims, if any, are barred by the doctrine of betterment.

### Sixteenth Affirmative Defense

To the extent repairs are necessary to the subject building, Plaintiff is not entitled to recover the cost of removing the materials/products supplied by LM to perform repairs on work originally performed by others.

**WHEREFORE,** LM, demands that judgment be entered in its favor and against Harkins and/or Plaintiff, and that Plaintiff and/or Harkins be assessed the reasonable cost and expenses incurred in defending this litigation including, without limitation, attorneys' fees.

### COUNTERCLAIM FOR CONTRIBUTION AGAINST THIRD-PARTY PLAINTIFFS/DEFENDANTS

1.     LM incorporates by reference the allegations of the Plaintiff's Complaint, without adopting the same, as if the same were fully set forth at length herein.

2.     LM, while denying any liability whatsoever, asserts that to the extent that Plaintiff is able to prove any damages, said damages were proximately caused by the negligence of Minno & Wasko Architects and Planners, PC, Moore Consulting Engineers, LLC, Harkins Builders, Inc., and Nolen Properties.

3.     Accordingly, LM hereby asserts counterclaims for contribution against said Harkins pursuant to the Pennsylvania Joint Tortfeasors' Contribution Act, 42 Pa. C.S. § 7102, *et. seq.* and, in the event and to the extent that Plaintiff is able to prove any damages, hereby demands judgment against said Third-Party Plaintiffs.

**WHEREFORE**, LM, in the event and to the extent that Plaintiff is able to prove any damages, hereby demands judgment against Minno & Wasko Architects and Planners, PC, Moore Consulting Engineers, LLC, Harkins Builders, Inc., and Nolen Properties, pursuant to the Pennsylvania Joint Tortfeasors' Contribution Act, 42 Pa. C.S. § 7102, *et. seq.*

## COUNTERCLAIM FOR COMMON LAW INDEMNIFICATION AGAINST THIRD-PARTY PLAINTIFFS/DEFENDANTS

4.      LM incorporates by reference the allegations of the Plaintiff's Complaint, without adopting the same, as if the same were fully set forth at length herein.

5.      LM while denying any liability whatsoever, asserts that to the extent that Plaintiff is able to prove any damages, said damages were proximately caused by the negligence of Minno & Wasko Architects and Planners, PC, Moore Consulting Engineers, LLC, Harkins Builders, Inc., and Nolen Properties, or their respective principals, agents, employees and/or assigns.

6.      If LM is found to be liable to any party with respect to any such damages, then such liability resulted solely from secondary, imputed, vicarious, noncontributory or passive negligence or conduct, and the negligence and conduct of said defendants, who were the primary and contributory causes of any and all injuries, damages and losses sustained by the Plaintiff.

7.      In light of the foregoing, LM is entitled to be indemnified and held harmless.

**WHEREFORE**, LM, demands judgment for full indemnification from Minno & Wasko Architects and Planners, PC, Moore Consulting Engineers, LLC, Harkins Builders, Inc., and Nolen Properties, for any amount that may be found due against LM in favor of Plaintiff, or any other party, together with all costs, reasonable attorneys' fees and such other relief as may be deemed appropriate.

## CROSS-CLAIMS FOR CONTRIBUTION AGAINST ALL THIRD PARTY CO- DEFENDANTS

1.      LM incorporates by reference the allegations of the Plaintiff's Complaint and the Third-Party Complaint, without adopting the same, as if the same were fully set forth at length herein.

2.      LM while denying any liability whatsoever, asserts that to the extent that Plaintiff and/or Harkins are able to prove any damages, said damages were proximately caused by the negligence of co-defendants, HomeServe USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance Company, Central II, Inc., Althea Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance Company, UGI HVAC Enterprises, Inc. and UGI Energy Services, LLC.

3.      Accordingly, LM hereby asserts crossclaims for contribution against said co-defendants pursuant to the Pennsylvania Joint Tortfeasors' Contribution Act, 42 Pa. C.S. § 7102, *et. seq.* and, in the event and to the extent that Plaintiff and/or Harkins are able to prove any damages, hereby demands judgment against said co-defendants.

**WHEREFORE**, LM, in the event and to the extent that Plaintiff and/or Harkins is able to prove any damages, hereby demands judgment against co-defendants, HomeServe USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance Company, Central II, Inc., Althea Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance Company, UGI HVAC Enterprises, Inc. and UGI Energy Services, LLC, pursuant to the Pennsylvania Joint Tortfeasors' Contribution Act, 42 Pa. C.S. § 7102, *et. seq.*

## CROSS-CLAIMS FOR COMMON LAW INDEMNIFICATION AGAINST ALL THIRD-PARTY CO-DEFENDANTS

4.      LM incorporates by reference the allegations of the Plaintiff's Complaint and the Joinder Complaint, without adopting the same, as if the same were fully set forth at length herein.

5.      LM while denying any liability whatsoever, asserts that to the extent that Plaintiff and/or Harkins are able to prove any damages, said damages were proximately caused by the negligence of co-defendants, HomeServe USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance Company, Central II, Inc., Althea Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance Company, UGI HVAC Enterprises, Inc. and UGI Energy Services, LLC, or their respective principals, agents, employees and/or assigns.

6.      If LM is found to be liable to any party with respect to any such damages, then such liability resulted solely from secondary, imputed, vicarious, noncontributory, or passive negligence or conduct, and the negligence and conduct of said co-defendants, who were the primary and contributory causes of any and all injuries, damages and losses sustained by the Plaintiff's and/or Harkins.

7.      In light of the foregoing, LM is entitled to be indemnified and held harmless.

**WHEREFORE**, LM, demands judgment for full indemnification from co-defendants, HomeServe USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance Company, Central II, Inc., Althea Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance Company, UGI HVAC Enterprises, Inc. and UGI Energy Services, LLC, for any amount that may be found due against LM in favor of Plaintiff, or any other party, together with all costs, reasonable attorneys' fees and such other relief as may be deemed appropriate.

## ANSWER TO ALL CROSS-CLAIMS

LM hereby denies all cross-claims filed, or to be filed, against it in this action.

**MARGOLIS EDELSTEIN**

BY:_____
KEVIN E. MONASTRA, ESQUIRE
Attorneys for Third-Party Defendant,
LM Construction Enterprises, Inc.

## <u>CERTIFICATE OF SERVICE</u>

     I, Kevin E. Monastra, Esquire hereby certify that I have caused this document to be filed electronically on this day.  It is available for reviewing and downloading from the ECF System, and will be served electronically on all counsel.  All other parties not represented will receive this pleading by regular mail.

                          MARGOLIS EDELSTEIN

By: _____
                     KEVIN E. MONASTRA, ESQUIRE
                     Attorney for Third-Party Defendant,
                     LM Construction Enterprises, Inc.

Dated:  <u>January 8, 2025</u>

## **VERIFICATION**

The averments contained in the foregoing pleading are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This verification is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
KEVIN E. MONASTRA, ESQUIRE


DATE:  <u>January 8, 2025</u>