**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 335 RIGHTERS FERRY ROAD, LP | : | |
| | : | Case No. 2:23-CV-1963 |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| HARKINS BUILDERS, INC. | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendants*, | : | |
| | : | |
| v. | : | |
| | : | |
| LEGACY SERVICES USA, LLC et. al | : | |
| | : | |
| *Third Party Defendants* | : | |

**THIRD PARTY DEFENDANT [CORRECTLY NAMED FOURTH PARTY DEFENDANT] LEGACY SERVICE USA LLC'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO THIRD-PARTY DEFENDANT HARKINS BUILDER, INC. [CORRECTLY NAMED FOURTH -PARTY PLAINTIFF'S] AMENDED COMPLAINT**

Third Party Defendant [correctly named Fourth Party Defendant] Legacy Service USA LLC (hereinafter "Legacy") by and through its undersigned counsel, Thomas Thomas & Hafer, LLP, hereby files its Answer, Affirmative Defenses, and Cross-claims to the Fourth Party Plaintiff Harkin Builders, Inc.'s Complaint, as amended (filed December 23, 2024) and avers as follows:

## NATURE OF THE ACTION

1.      Denied as stated. The allegations in this paragraph refer to a written document which speaks for itself, and Legacy denies any inconsistent characterizations contained therein. By way of further response, Legacy denies any and all such allegations to the extent they are directed to Legacy.

2.      Denied. Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph, and therefore they are deemed denied.

3.      The allegations in this paragraph refer to a written document which speaks for itself, and Legacy denies any inconsistent characterizations contained therein. Legacy expressly denies the allegations of wrongdoing contained within Plaintiff's Complaint to the extent they are or may be directed to Legacy.

4.      The allegations in this paragraph refer to a written document which speaks for itself, and Legacy denies any inconsistent characterizations contained therein. Legacy expressly denies the allegations of wrongdoing contained within Plaintiff's Complaint to the extent they are or may be directed to Legacy.

5.      Denied. To the extent that the allegations in this paragraph contain legal conclusions, no response is required. Moreover, to the extent that the allegations in this paragraph are directed to Legacy, same are denied. Legacy further specifically denies that it performed any work which was "deficient." The allegations in this paragraph refer to a written document which speaks for itself, and Legacy denies any inconsistent characterizations contained therein.  By way of further response, insofar as the averments in this paragraph are directed to other Third-Party, no answer is required.

**THE PARTIES**

6.      Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.  Moreover, the allegations in this paragraph are directed to another Third Party Defendant and no answer is required.

7.      The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

8.      The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

9.      The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

10.      The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

11.      The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

12.      Admitted in part. Legacy's registered name is "Legacy Service USA LLC," but has been incorrectly designated as "Legacy Services USA, LLC." Legacy admits that its principal place of business is located at 95 James Way, Ste. 100, Southampton PA 18966.

13.      The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

14.    The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

15.    The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

16.    The allegations in this paragraph are directed to parties other than Legacy and no answer is required. By way of further response, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

## JURISDICTION AND VENUE

17.    The allegations in this paragraph constitute a legal conclusion to which no response is required.

18.    The allegations in this paragraph constitute a legal conclusion to which no response is required.

19.    The allegations in this paragraph constitute a legal conclusion to which no response is required. By way of further response, Answering Defendant specifically denies that its acts or omissions caused or contributed to the damages claimed in Plaintiff's Complaint and/or Third Party Plaintiff's Complaint.

20.    The allegations in this paragraph constitute a legal conclusion to which no response is required. By way of further response, Answering Defendant specifically denies that its acts or

omissions caused or contributed to the damages claimed in Plaintiff's Complaint and/or Third Party Plaintiff's Complaint.

## HOMESERVE, LIBERTY MUTUAL CENTRAL, ATHENA STONE, AMERICAN SOUTHERN

21– 77. The averments set forth in paragraphs 21-77 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

## LEGACY

78.    Admitted in part, denied in part. Legacy admits that it performed or caused to be performed by its Subcontractors and/or Independent Contractors certain work at or near 335 Righter's Ferry Road, Bala Cynwyd, Pennsylvania, the scope of which was set forth in a written contract which speaks for itself. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

79.    Denied. The allegations in this paragraph refer to a written document which speaks for itself, and Legacy denies any inconsistent characterizations contained therein.  By way of further response, Legacy specifically denies any and all allegations of wrongdoing contained within M&W's Third Party Complaint to the extent they are or may be directed to Legacy.

80.    Admitted in part, denied in part. It is admitted that Legacy was a party to certain Subcontract Agreements with Third Party Plaintiff. It is further admitted that Exhibit Q to the Amended Third Party Complaint appears to contain accurate versions of two of those Subcontract Agreements. However, the Subcontract Agreements are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further

response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

81.    Admitted in part, denied in part. It is admitted that Legacy executed certain Performance Bonds in connection with its work. It is further admitted that Exhibit R to the Amended Third Party Complaint appears to contain accurate versions of two of those Performance Bonds. However, the Performance Bonds are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

82.    Denied. The Subcontracts attached as Exhibit Q to the Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same.  Insofar as this paragraph contains conclusions of law, no answer is required.

83.    Denied. The Subcontracts attached as Exhibit Q to the Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, Answering Third-Party Defendant specifically denies the averments set forth in this paragraph.  Moreover, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

84.    Denied. The Subcontracts attached as Exhibit Q to the Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

85.    Denied. The Subcontracts attached as Exhibit Q to the Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent

characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

86.     Denied. The correspondence attached as Exhibit S to the Amended Third Party Complaint is a written instrument which speaks for itself, and Legacy denies any inconsistent characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

87.     Denied. The correspondence attached as Exhibit S to the Amended Third Party Complaint is a written instrument which speaks for itself, and Legacy denies any inconsistent characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

88.     Denied. Legacy specifically denies any wrongdoing or failure to act in accordance with its legal obligations and avers that Legacy acted at all times in accordance with the applicable duty of care. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law. Legacy is not an insurance company and is incapable of providing insurance coverage or making decisions about insurance coverage with respect to Third Party Plaintiff.

89.     Denied. Legacy specifically denies any wrongdoing or failure to act in accordance with its legal obligations and avers that Legacy acted at all times in accordance with the applicable duty. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law. Legacy is not an insurance company and is incapable of providing insurance coverage or making decisions about insurance coverage with respect to Third Party Plaintiff.

90.    Denied. Legacy specifically denies that it has breached the terms of any Subcontract Agreements with Third Party Plaintiff and avers instead that it acted at all times in accordance with the applicable duty. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law. With regard to Third Party Plaintiff's alleged injuries and damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

91.    Denied. Legacy specifically denies the averments set forth in this paragraph. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.  If any allegations contained within any of the Plaintiffs' or M & W's Third Party Plaintiff's Complaints are proven true, then same were caused by the acts or omissions of parties other than Legacy and for whom Answering Third-Party Defendant is not responsible. With regard to Plaintiffs' and/or M & W's Third Party Plaintiff's alleged injuries and damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

92.    Denied. Legacy specifically denies the averments set forth in this paragraph. If any allegations contained within any of the Plaintiffs' or M & W's Third Party Plaintiff's Complaints are proven true, then same were caused by the acts or omissions of parties other than Legacy and for whom Legacy is not responsible. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law. With regard to Plaintiffs' and/or M & W's Third Party Plaintiff's alleged injuries and damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore they are deemed denied.

## UNITED STATES FIRE; LM CONSTRUCTION; UGI HVAC; AND UGI ENERGY

93 – 144. The averments set forth in paragraphs 93 – 144 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

## COUNT I – CONTRIBUTION

145.    Legacy incorporates by reference each of the preceding paragraphs of its Answer as if set forth more fully herein.

146.    Legacy denies the allegations of wrongdoing contained within M&W's Third Party Complaint to the extent that they are or may be directed to Legacy.

147.    Denied. Legacy denies the averments set forth in this paragraph insofar as they are directed to it.  Insofar as they are directed to other Third-Party Defendants, no answer is required. By way of further response, this paragraph contains conclusions of law to which no response is required. Legacy denies that it is liable over to Third Party Plaintiff Harkins for what Harkins may owe to Third Party Plaintiff, M&W, and specifically denies that any of its acts or omissions caused or contributed to any injury or damages allegedly sustained by Plaintiffs and/or Third Party Plaintiffs.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT II – BREACH OF CONTRACT

148 – 162. The averments set forth in paragraphs 148-162 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT III – BREACH OF PERFORMANCE BOND

163 – 177. The averments set forth in paragraphs 163-177 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT IV – CONTRACTUAL INDEMNIFICATION

178 – 181.  The averments set forth in paragraphs 178 - 181 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT V – BREACH OF CONTRACT

182 - 195. The averments set forth in paragraphs 182-195 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT VI – CONTRACTUAL INDEMNIFICATION

196 - 199. The averments set forth in paragraphs 196 - 199 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services. Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT VII – BREACH OF CONTRACT

200 - 214. The averments set forth in paragraphs 200 - 214 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services. Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT VIII [misidentified as Count VI] – BREACH OF PERFORMANCE BOND

215 - 229. The averments set forth in paragraphs 215 - 229 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services. Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT IX [misidentified as Count VII] – CONTRACTUAL INDEMNIFICATION

230 - 233. The averments set forth in paragraphs 230 - 233 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services. Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT X [misidentified as Count VIII] – BREACH OF CONTRACT

234. Legacy incorporates by reference each of the preceding paragraphs of its Answer as if set forth more fully herein.

235. Denied. Legacy denies any and all allegations of wrongdoing contained within M&W's Third Party Complaint to the extent that they are or may be directed to Legacy.

236. The Subcontracts attached as Exhibit Q to the Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, this paragraph contains conclusions of law to which no response is required.

237. Denied. Legacy denies that it breached any contractual obligations and specifically denies that any of its acts or omissions caused or contributed to the damages which are the subject of Plaintiffs' and/or M & W's Third Party Plaintiffs' Complaints. Legacy specifically avers that it

acted at all times in accordance with the applicable duty, and specifically denies any and all wrongdoing.

238.    Denied. The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, this paragraph contains conclusions of law to which no response is required. Furthermore, to the extent that an answer is deemed necessary, Legacy specifically denies the averments set forth in this paragraph.

239.    Denied. The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, this paragraph contains conclusions of law to which no response is required.  Furthermore, to the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph.

240.    The allegations in this paragraph are directed to parties other than Legacy. Therefore, no answer is required by Answering Third-Party Defendant.  By way of further response, to the extent that the allegations in this paragraph contain conclusions of law, no answer is required. Moreover, Legacy specifically denies that it failed to perform its contractual and/or legal obligations as alleged in this paragraph.

241.    Denied. This paragraph contains conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph insofar as they are directed to it. Insofar as they are directed to another Third-Party Defendant, no answer is required.

242.    The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent

characterizations of same. By way of further response, this paragraph contains conclusions of law to which no answer is required.

243.    Denied. This paragraph contains conclusions of law to which no response is required. To the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph. By way of further response, Legacy is not an insurance company and cannot provide insurance to others, or determine whether and to what extent others may be entitled to insurance coverage.

244.    Denied. This paragraph contains conclusions of law to which no response is required.  To the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph. With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

245.    Denied. This paragraph contains conclusions of law to which no response is required. To the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph. With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

246.    Denied. The correspondence attached as Exhibit S to the Harkins' Amended Third Party Complaint is a written instrument which speaks for itself, and Legacy denies any inconsistent characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

247.    Admitted in part; denied in part. It is admitted only that Legacy has not agreed to defend, indemnify and hold harmless Third Party Plaintiff Harkins. However, Legacy specifically

denies breach of any contractual duty to Third-Party Plaintiff Harkins. By way of further response, this paragraph contains conclusions of law to which no answer is required. Finally, to the extent that the averments in this paragraph are directed to another Third-Party Defendant, no answer is required.

248.    Denied. This paragraph contains conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph insofar as they are directed to it.  Insofar as they were directed to another Third-Party Defendant no answer is required.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT XI [misidentified as Count IX] – BREACH OF CONTRACT

249.    Legacy incorporates by reference each of the preceding paragraphs of its Answer as if set forth more fully herein.

250.    Legacy denies any and all allegations of wrongdoing contained within M&W's Third Party Complaint to the extent that they are or may be directed to Legacy.

251.    Denied. The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, this paragraph contains conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, Legacy specifically denies the averments set forth in this paragraph.

252.    Denied. This paragraph contains conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, Legacy specifically denies the averments set forth in this paragraph.

253.    Denied. The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response this paragraph contains conclusions of law to which no response is required. To the extent that an answer is deemed necessary, Legacy specifically denies the averments set forth in this paragraph.

254.    Denied. The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, to the extent that the allegations in this paragraph contain conclusions of law no response is required. To the extent that an answer is deemed necessary, Legacy specifically denies the averments set forth in this paragraph.

255.    The allegations in this paragraph are directed to a party other than Legacy, therefore no answer is required by Legacy. By way of further response, the allegations in this paragraph contain conclusions of law to which no answer is required.

256.    Denied. The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. Furthermore, this paragraph contains conclusions to law to which no answer is required. To the extent that an answer is deemed necessary Legacy denies the averments set forth in this paragraph insofar as they are directed to it.  Insofar as they are directed to another Third Party Defendant, no answer is required.

257.    The Subcontracts attached as Exhibit Q to the Harkins' Amended Third Party Complaint are written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. By way of further response, this paragraph contains conclusions of law to which no answer is required.

258.    Denied. This paragraph contains conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, Legacy denies the averments set forth in this paragraph. By way of further response, Legacy is not an insurance company and cannot provide insurance to others, or determine whether and to what extent others may be entitled to insurance coverage.

259.    Denied. This paragraph contains conclusions of law to which no answer is required. Legacy specifically denies that it breached any contractual obligations to others and/or that it acted or failed to act in a manner inconsistent with any enforceable contractual or legal obligations, and instead avers that it acted at all times in accordance with the applicable duty.  With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

260.    Denied. This paragraph contains conclusions of law to which no answer is required. Legacy specifically denies that it breached any contractual obligations to others and/or that it acted or failed to act in a manner inconsistent with any enforceable contractual or legal obligations, and instead avers that it acted at all times in accordance with the applicable duty. With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

261.    Denied. The correspondence attached as Exhibit S to the Harkins' Amended Third Party Complaint is a written instrument which speaks for itself, and Legacy denies any inconsistent

characterizations of same. By way of further response, no response is required to the extent that the allegations in this paragraph contain conclusions of law.

262.    Denied. This paragraph contains conclusions of law to which no answer is required. Legacy denies that it failed to adhere to any enforceable contractual obligations, and instead avers that acted at all times in accordance with the applicable duty. Insofar as the averments in this paragraph are directed to other Third Party Defendants, no answer is required.

263.    Denied. This paragraph contains conclusions of law to which no answer is required. Legacy denies that it failed to adhere to any enforceable contractual obligations, and instead avers that acted at all times in accordance with the applicable duty. Insofar as the averments in this paragraph are directed to other Third Party Defendants, no answer is required. With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT XII [misidentified as Count X] – CONTRACTUAL INDEMNIFICATION

264.    Legacy incorporates by reference each of the preceding paragraphs of its Answer as if set forth more fully herein.

265.    Legacy denies any and all allegations of wrongdoing  contained within M&W's Third Party Complaint to the extent that are or may be directed to Legacy.

266.    Denied. This paragraph contains conclusions of law to which no answer is required. Moreover, the allegations contained herein reference written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same.  Furthermore, Legacy

denies that it failed to adhere to any enforceable contractual obligations, and instead avers that it acted at all times in accordance with the applicable duty. Insofar as the averments in this paragraph are directed to other Third Party Defendants, no answer is required. With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

267.    Denied. Legacy denies that Third Party Plaintiff Harkins is entitled to the relief requested. By way of further answer, no response is required to the extent that the allegations in this paragraph contain conclusions of law. Moreover, the allegations contained herein reference written instruments which speak for themselves, and Legacy denies any inconsistent characterizations of same. Legacy denies that it failed to adhere to any enforceable contractual obligations, and instead avers that it acted at all times in accordance with the applicable duty. Insofar as the averments in this paragraph are directed to other Third Paty Defendants, no answer is required. With regard to any alleged injuries or damages, Legacy lacks sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore they are deemed denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNT XIII [misidentified as Count XI] – BREACH OF CONTRACT

268 – 281. The averments set forth in paragraphs 268 - 281 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services. Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

### COUNT XIV [misidentified as Count XII] – CONTRACTUAL INDEMNIFICATION

282 – 285. The averments set forth in paragraphs 282 - 285 are directed against other Third Party Defendants; therefore no answer is required by Legacy Services.  Insofar as any averments of wrongdoing are expressed or implied in these paragraphs against Legacy, they are denied.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

### AFFIRMATIVE DEFENSES

1.      Plaintiffs and/or Third Party Plaintiffs fail to state a cause of action upon which relief may be granted.

2.      Plaintiffs and/or Third Party Plaintiffs' claims are barred or limited as a result of their own breaches or wrongful conduct.

3.      At all times, Legacy owed no duty of care to Plaintiffs or Third Party Plaintiffs with respect to the development of the Project described in the Complaint or Amended Third Party Complaint; or alternatively, if it is determined that such a duty was owed, Legacy acted reasonably and breached no such duty.

4.      Plaintiffs and/or Third Party Plaintiffs' claims may be barred or limited by the doctrines of estoppel, waiver, and/or unclean hands.

5.      Plaintiffs and/or Third Party Plaintiffs' claims, and/or components therein, may be barred or limited by the applicable the doctrine of laches.

6.      Plaintiffs and/or Third Party Plaintiffs' claims may be barred or limited by the doctrine of release.

7.      Plaintiffs and/or Third Party Plaintiffs' claims are barred or limited because they failed to mitigate damages.

8.      If and to the extent that Plaintiffs and/or Third Party Plaintiffs suffered any damages, then the damages were the result of the superseding and intervening conduct of the Defendants on the Complaint, Third Party Plaintiffs, Third Party Defendants, and/or a third person or persons or entities, each over whom Legacy exercised neither control nor right of control.

9.      Plaintiffs' and/or Third Party Plaintiffs' claims may be barred or limited by the gist of the action doctrine and/or economic loss rule.

10.     Plaintiffs' and/or Third Party Plaintiffs' claims may be barred or limited by Moore's or other parties' sole negligence or comparative negligence (including but not limited to professional negligence, ordinary negligence and/or negligent misrepresentations).

11.      Plaintiffs' and/or Third Party Plaintiffs' claims may be barred or limited by the doctrines of set off and/or recoupment.

12.     Plaintiffs' and/or Third Party Plaintiffs' claims may be barred or limited by claims of contribution and/or indemnity against them and/or other Third Party Defendants and/or other third parties, for which they are adjudicated liable.

13.     The parties have not completed discovery. Accordingly, Legacy reserves the right to amend this Answer and enumerate additional defenses as they become evident in the discovery process.

14.     Plaintiffs' and/or Third Party Plaintiffs' claims may be limited or barred by the statute of limitations and/or statute of repose.

15.     Plaintiffs' and/or Third Party Plaintiffs' claims may be barred by spoliation of evidence.

16.      Third Party Plaintiffs Harkins lacks standing to assert their claims against Legacy by virtue of release and/or assignment of claims to others.

17.     Third Party Plaintiff claims are barred, estopped and/or rendered moot by virtue of the terms of the settlement release entered into between Third Party Plaintiff Harkins and original Plaintiff, the terms of which are incorporated herein by reference.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Third Party Plaintiff Harkins, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## COUNTERCLAIM

**Legacy Services USA, LLC v. Harkins Builders, Inc. Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and Nolen Properties, LLC;**

1.     Legacy incorporates by reference each of the preceding paragraphs of its Answer as if set forth more fully herein.

2.     Legacy, while denying any and all liability to any party herein, avers that in the event that original Plaintiffs, Third Party Plaintiffs and/or Fourth Party Plaintiffs are entitled to a recovery against Legacy, which is specifically denied, then said damages were caused by the negligence of Minno & Wasko Architects and Planners, PC; Moore Consulting Engineers, LLC; Harkens Builders, Inc. and/or Nolen Properties, who are liable to Legacy for common law and/or contractual contribution, indemnity, or otherwise for the full amount of any sums which may be adjudged against Legacy.

3.     Accordingly, Legacy hereby asserts counterclaims for contribution against said parties pursuant to the Pennsylvania Joint Tortfeasors' Contribution Act, 42 Pa. C.S. § 7102, *et.*

*seq.* and, in the event and to the extent that Plaintiff is able to prove any damages, hereby demands judgment against said Parties.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Minno & Wasko Architects and Planners, PC, Moore Consulting Engineers, LLC, Harkins Builders, Inc., and Nolen Properties, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## **CROSSCLAIM**

**Legacy Services USA, LLC v.  Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.; Central II, Inc.; Althea Stone Corporation; American Southern Insurance Company; LM Construction Enterprises, Inc.; UGI HVAC Enterprises, Inc.; UGI Energy Services, LLC; Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and Nolen Properties, LLC**

1.      Without admitting any liability and in fact specifically denying any and all liability, Legacy incorporates by reference the averments in Third Party Plaintiff's Complaint, together with Legacy's Answer with New Matter and Counterclaim as if specifically set forth at length herein.

2.      In the event Third Party Plaintiff Harkins is entitled to a recovery on the causes of action set forth in their Third Party Complaint, Third Party Plaintiffs injuries and/or damages were caused by the negligence, breach of contract, and/or other liability producing conduct of Defendants and/or Third Party Defendants Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.; Central II, Inc.; Althea Stone Corporation; American Southern Insurance Company; LM Construction Enterprises, Inc.; UGI HVAC Enterprises, Inc.; UGI Energy Services, LLC; Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and/or Nolen Properties, LLC.

3.      Defendants and/or Third Party Defendants Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.; Central II, Inc.;

Althea Stone Corporation; American Southern Insurance Company; LM Construction Enterprises, Inc.; UGI HVAC Enterprises, Inc.; UGI Energy Services, LLC; Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and/or Nolen Properties, LLC, are alone and solely liable to Third Party Plaintiffs.

      4.    If any liability is judicially determined against Legacy on the grounds set forth within the Harkins' Third Party Complaint, and with all such liability being specifically denied, then it is averred that Defendants and/or Third Party Defendants, Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.; Central II, Inc.; Althea Stone Corporation; American Southern Insurance Company; LM Construction Enterprises, Inc.; UGI HVAC Enterprises, Inc.; and UGI Energy Services, LLC; Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and/or Nolen Properties, LLC, who are liable over to Legacy by way of indemnity or contribution and /or are jointly and severally liable with Legacy.

      5.    Legacy further asserts that Defendants and/or Third Party Defendants Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.;  Central II, Inc.; Althea Stone Corporation; American Southern Insurance Company; LM Construction Enterprises, Inc.; UGI HVAC Enterprises, Inc.;  and UGI Energy Services, LLC; and/or Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and Nolen Properties, LLC breached other diverse and express and implied contractual obligations, which breach caused or contributed to the damages stated in Harkins' Amended Third Party Complaint and which have or will result in loss or damage to Legacy in an amount equal to the loss or damages stated together with costs, interest and attorney's fees.

WHEREFORE, Legacy Services, USA respectfully requests that this Honorable Court enter judgment in its favor and against Defendants and Third Party Defendants Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.;  Central II, Inc.; Althea Stone Corporation; American Southern Insurance Company; LM Construction Enterprises, Inc.; UGI HVAC Enterprises, Inc.; and UGI Energy Services, LLC; Minno & Wasko Architects and Planners; Moore Consulting and Engineers, LLC; and Nolen Properties, LLC, together with interest, costs, attorneys' fees, and other such relief that the Court deems appropriate.

## ANSWER TO ALL CROSSCLAIMS AND COUNTERCLAIMS

Legacy hereby denies all crossclaims and counterclaims filed, or to be filed, against it in this action.


Respectfully Submitted,

**THOMAS, THOMAS & HAFER LLP**

Dated: January 14, 2025          **By**:    _/s/ Benjamin C. Frommer_
                                            Benjamin C. Frommer, Esquire
                                            Attorney for Legacy Services USA, LLC
                                            Identification No. 319993
                                            Four Penn Center, Suite 1060
                                            1600 JFK Boulevard
                                            Philadelphia, PA 19103
                                            267-861-7585
                                            bfrommer@tthlaw.com

                                 By:     _/s/ Laura J. Herzog_
                                            Laura J. Herzog, Esquire
                                            Attorney for Legacy Services USA, LLC
                                            Identification No. 63439
                                            1550 Pond Road, Suite 210
                                            Allentown, PA 18104
                                            620-332-7004
                                            lherzog@tthlaw.com

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| 335 RIGHTERS FERRY ROAD, LP | : | |
| | : | Case No. 2:23-CV-1963 |
| *Plaintiffs*, | : | |
| | : | **PROOF OF SERVICE** |
| v. | : | |
| | : | |
| HARKINS BUILDERS, INC. | : | |
| | : | |
| *Defendants*, | : | |
| | : | |
| v. | : | |
| | : | |
| LEGACY SERVICES USA, LLC et. al | : | |
| | : | |
| *Third Party Defendants* | : | |

The undersigned, of the law firm Thomas, Thomas & Hafer LLP, hereby certifies that a true and correct copy of the foregoing Answer to Third Party Complaint with Affirmative Defenses, Counterclaim and Crossclaims was served on all counsel of record via the United States Federal Court E-filing system.

**THOMAS, THOMAS & HAFER LLP**

By: */s/Benjamin C. Frommer*
Benjamin C. Frommer, Esquire
Attorney for Legacy Services USA, LLC
Identification No. 319993
Four Penn Center, Suite 1060
1600 JFK Boulevard
Philadelphia, PA 19103
267-861-7585
bfrommer@tthlaw.com

**THOMAS, THOMAS & HAFER LLP**

By: */s/Laura J. Herzog*
Laura J. Herzog, Esquire
Attorney for Legacy Services USA, LLC
Identification No. 63439
1550 Pond Road, Suite 210
Allentown, PA 18104
620-332-7004
lherzog@tthlaw.com

Dated: January 14, 2025