# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP | : NO. 2:23-cv-01963 |
| Plaintiff, | : |
| vs. | : |
| MINNO & WASKO ARCHITECTS AND PLANNERS, PC and MOORE CONSULTING ENGINEERS, LLC | : |
| Defendants, | : |
| vs. | : |
| HARKINS BUILDERS, INC., AND NOLEN PROPERTIES | : |
| Third-Party Defendants, | : |
| vs. | : |
| IIOMESERVE USA ENERGY SERVICES, LLC d/b/a UGI HEATING, COOLING & PLUMBING f/k/a UGI HVAC ENTERPRISES, INC., LIBERTY MUTUAL INSURANCE COMPANY, CENTRAL II, INC., ATHENA STONE CORPORATION, AMERICAN SOUTHERN INSURANCE COMPANY, LEGACY SERVICES USA, LLC, UNITED STATES FIRE INSURANCE, AND LM CONSTRUCTION ENTERPRISES, INC. | : |
| Fourth-Party Defendants. | : |

**ANSWER OF THIRD-PARTY DEFENDANT, LIBERTY MUTUAL INSURANCE COMPANY, TO THE THIRD PARTY COMPLAINT OF DEFENDANT, HARKINS BUILDERS, INC., WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

1

Third-Party Defendant, Liberty Mutual Insurance Company, by and through its counsel, Post & Schell, P.C., hereby files this Answer with Affirmative Defenses and Crossclaims to the Third-Party Complaint of Defendant, Harkins Builders, Inc. as follows:

1. Denied as stated. The allegations of Plaintiff's Complaint are in writing and speak for themselves, and any characterization of same is therefore denied.

2. On information and belief, admitted.

3. On information and belief, admitted. The allegations of Plaintiff's Complaint are in writing and speak for themselves, and any characterization of same is therefore denied.

4. On information and belief, admitted. The allegations of the Third-Party Complaint filed by Minno & Wasko Architects and Planners, PC (""M&W") are in writing and speak for themselves, and any characterization of same is therefore denied.

5. Denied as stated. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it performed any work on the project, including but not limited to the installation and/or construction of the Project's HVAC system and building envelope as alleged. The only role that Liberty Mutual had in connection with the project was the issuance of a Performance Bond and a Payment Bond to UGI HVAC Enterprises, Inc. which served as a subcontractor to Harkins Builders, Inc. on the project.

6. On information and belief, admitted.

7. Denied as stated. While Third-Party Defendant, Liberty Mutual Insurance Company, does not dispute that HomeServe USA Energy Services, LLC, is a Delaware limited liability company with a principal place of business as stated in the Third-Party Complaint, Third-Party Defendant, Liberty Mutual Insurance Company, denies that this is a correct designation for the third-party defendant in this case.

8. Admitted.

2

9. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

10. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

11. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

12. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

13. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

14. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

15. Third-Party Defendant, Liberty Mutual Insurance Company, does not dispute that this Court has jurisdiction over this matter.

16. On information and belief, admitted.

17. Third-Party Defendant, Liberty Mutual Insurance Company, does not dispute that this Court has jurisdiction over this matter.

18. Third-Party Defendant, Liberty Mutual Insurance Company, does not dispute that venue is proper in this Court.

19. Denied as stated.  Third-Party Plaintiff, Harkins Builders, Inc., had named as a Third-Party Defendant HomeServe USA Energy Services, LLC, d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc.  Third-Party Defendant, Liberty Mutual Insurance Company, has no knowledge or information that HomeServe USA Energy Services, LLC, was involved in the

project that is the subject of this lawsuit. Third-Party Defendant, Liberty Mutual Insurance Company, believes and therefore asserts that the subcontractor was UGI HVAC Enterprises, Inc.

20. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, lacks information as it relates to these allegations of M&W's Third-Party Complaint.

21. Denied as stated. Third-Party Defendant, Liberty Mutual Insurance Company, believes and therefore asserts that Harkins Builders, Inc. entered into a written subcontract agreement with UGI HVAC Enterprises, Inc., in connection with the subject project. Third-Party Defendant, Liberty Mutual Insurance Company, is unable to state whether the document attached to the Third-Party Complaint as Exhibit "C" is a full and complete copy of said written subcontract agreement.

22. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

23. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

24. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

25. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

26. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

27. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

28. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

29. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

30. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

31. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

32. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

33. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

34. This paragraph is directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

35. Denied as stated. Third-Party Defendant, Liberty Mutual Insurance Company, issued a Performance Bond to UGI HVAC Enterprises, Inc. in connection with the project that is the subject of this lawsuit. The Performance Bond is a document in writing that speaks for itself.

36. Denied as stated. Third-Party Defendant, Liberty Mutual Insurance Company, issued a Performance Bond to UGI HVAC Enterprises, Inc. in connection with the project that is the subject of this lawsuit. The Performance Bond is a document in writing that speaks for itself.

37. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it is responsible for any damages claimed by Harkins Builders, Inc. in this matter.

38. Denied as stated. Third-Party Defendant, Liberty Mutual Insurance Company, issued a Performance Bond to UGI HVAC Enterprises, Inc. in connection with the project that is the subject of this lawsuit. The Performance Bond is a document in writing that speaks for itself.

39. to 110. These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

### COUNT I - CONTRIBUTION

111. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

112. to 113. These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT II – BREACH OF CONTRACT

114. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

115. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders,

Inc., as if same were set forth herein in full, and as such denies the allegations contained in M&W's Third-Party Complaint to the extent that the allegations are inconsistent with this Answer.

116. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

117. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc. breached its obligations to perform its work in strict accordance with the Subcontract Agreement as alleged, and denies that UGI HVAC Enterprises, Inc. failed to perform its work in a workmanlike manner as alleged.

118. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

119. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc. is contractually obligated to defend, indemnify, or hold harmless Harkins Builders as alleged.

120. Denied. The Performance Bond issued by Third-Party Defendant, Liberty Mutual Insurance Company, to UGI HVAC Enterprises, Inc. in connection with the project that is the subject of this lawsuit is a document in writing that speaks for itself. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it owes a defense or indemnification to Harkins Builders.

121. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it owes a duty to defense, indemnify or hold harmless Harkins Builders, Inc. as alleged, and therefore denies that it has breached the terms of the Performance Bond issued by UGI HVAC Enterprises, Inc., for the subject project.

122. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

123. Denied. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

124. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., has breached any obligations undertaken in the Subcontract Agreement as alleged, and therefore denies that Harkins Builders has incurred damages as alleged.

125. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., has breached any obligations undertaken in the Subcontract Agreement as alleged, and therefore denies that Harkins Builders has incurred damages as alleged.

126. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., has breached any obligations undertaken in the Subcontract Agreement as alleged, and therefore denies that Harkins Builders has incurred damages as alleged. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint regarding any tender letter sent to UGI HVAC Enterprises, Inc., and same are therefore denied and proof thereof demanded.

127. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., or Liberty Mutual Insurance Company have breached any obligations to Harkins Builders, including any alleged obligation to defend, indemnify or hold harmless Harkins Builders in connection with this litigation.

128. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., or Liberty Mutual Insurance Company have breached any obligations to

Harkins Builders, including any alleged obligation to defend, indemnify or hold harmless Harkins Builders in connection with this litigation. Third-Party Defendant, Liberty Mutual Insurance Company, therefore denies that Harkins Builders has incurred damages as alleged.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

## COUNT III – BREACH OF PERFORMANCE BOND

129. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

130. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full, and as such denies the allegations contained in M&W's Third-Party Complaint to the extent that the allegations are inconsistent with this Answer.

131. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

132. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc. breached its obligations to perform its work in strict accordance with the Subcontract Agreement as alleged, and denies that UGI HVAC Enterprises, Inc. failed to perform its work in a workmanlike manner as alleged.

133. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

9

134. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc. is contractually obligated to defend, indemnify, or hold harmless Harkins Builders as alleged.

135. Denied. The Performance Bond issued by Third-Party Defendant, Liberty Mutual Insurance Company, to UGI HVAC Enterprises, Inc. in connection with the project that is the subject of this lawsuit is a document in writing that speaks for itself. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it owes a defense or indemnification to Harkins Builders.

136. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it owes a duty to defense, indemnify or hold harmless Harkins Builders, Inc. as alleged, and therefore denies that it has breached the terms of the Performance Bond issued by UGI HVAC Enterprises, Inc., for the subject project.

137. Denied as stated. The subcontract agreement between Harkins Builders, Inc. and UGI HVAC Enterprises, Inc. is a document in writing and speaks for itself, and any characterization of same is therefore denied.

138. Denied. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint, and same are therefore denied and proof thereof demanded.

139. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., has breached any obligations undertaken in the Subcontract Agreement as alleged, and therefore denies that Harkins Builders has incurred damages as alleged.

140. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., has breached any obligations undertaken in the Subcontract Agreement as alleged, and therefore denies that Harkins Builders has incurred damages as alleged.

141. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., has breached any obligations undertaken in the Subcontract Agreement as alleged, and therefore denies that Harkins Builders has incurred damages as alleged. After reasonable investigation, Third-Party Defendant lacks knowledge or information regarding the truth of the allegations contained in this paragraph of the Third-Party Complaint regarding any tender letter sent to UGI HVAC Enterprises, Inc., and same are therefore denied and proof thereof demanded.

142. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., or Liberty Mutual Insurance Company have breached any obligations to Harkins Builders, including any alleged obligation to defend, indemnify or hold harmless Harkins Builders in connection with this litigation.

143. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that UGI HVAC Enterprises, Inc., or Liberty Mutual Insurance Company have breached any obligations to Harkins Builders, including any alleged obligation to defend, indemnify or hold harmless Harkins Builders in connection with this litigation. Third-Party Defendant, Liberty Mutual Insurance Company, therefore denies that Harkins Builders has incurred damages as alleged.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT IV – CONTRACTUAL INDEMNIFICATION

144. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

145. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders,

Inc., as if same were set forth herein in full, and as such denies the allegations contained in M&W's Third-Party Complaint to the extent that the allegations are inconsistent with this Answer.

146. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that either UGI HVAC Enterprises, Inc. or Liberty Mutual Insurance Company are contractually obligated to defend, indemnify, or hold harmless Harkins Builders as alleged. Third-Party Defendant, Liberty Mutual Insurance Company, therefore denies that Harkins Builders has incurred damages as alleged.

147. Denied. Third-Party Defendant, Liberty Mutual Insurance Company, denies that either UGI HVAC Enterprises, Inc. or Liberty Mutual Insurance Company are contractually obligated to defend, indemnify, or hold harmless Harkins Builders as alleged. Third-Party Defendant, Liberty Mutual Insurance Company, therefore denies that Harkins Builders has incurred damages as alleged.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

## COUNT V – BREACH OF CONTRACT

148. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

149. to 161. These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

## COUNT VI – CONTRACTUAL INDEMNIFICATION

162. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

163. to 165.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT VII – BREACH OF CONTRACT

166.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

167. to 180.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT VII (SECOND) – BREACH OF PERFORMANCE BOND

181.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

182. to 195.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT VII (SECOND) – CONTRACTUAL INDEMNIFICATION

196.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

197. to 199.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT VIII – BREACH OF CONTRACT

200.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

201. to 214.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT IX – BREACH OF PERFORMANCE BOND

215.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

216. to 229.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

### COUNT X – CONTRACTUAL INDEMNIFICATION

230.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

231. to 233.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

## COUNT XI – BREACH OF CONTRACT

234.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

235. to 247.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

## COUNT XII – CONTRACTUAL INDEMNIFICATION

248.   Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

249. to 251.   These paragraphs are directed to a Third-Party Defendant other than Third-Party Defendant, Liberty Mutual Insurance Company, and therefore no response is required.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

## AFFIRMATIVE DEFENSES

1.   Plaintiff may have failed to state a cause of action upon which relief can be granted.

2.	Third-Party Plaintiff, Harkins Builders, Inc., has failed to state a cause of action against Third-Party Defendant, Liberty Mutual Insurance Company, upon which relief may be granted.

3.	Third-Party Defendant, Liberty Mutual Insurance Company, did not breach any of its obligations contained in the Performance Bond that it issued to UGI HVAC Enterprises, Inc., in connection with the subject project.

4.	Third-Party Defendant, Liberty Mutual Insurance Company, owes no duty to defend, indemnify, or hold harmless Third-Party Plaintiff, Harkins Builders, Inc., or any other party in connection with this matter.

5.	To its knowledge and belief, HomeServe USA Energy Services, LLC, was not involved in the project that is the subject of this lawsuit.

6.	UGI HVAC Enterprises, Inc., did not breach no obligations undertaken in its Subcontract Agreement with Harkins Builders, Inc., for the subject project.

7.	UGI HVAC Enterprises, Inc., was not negligent in the performance of its work on the subject project.

8.	All work performed by UGI HVAC Enterprises, Inc., was performed in accordance with the design and contract documents, including the drawings and specifications.

9.	UGI HVAC Enterprises, Inc., performed its work in a good and workmanlike manner in accordance with the industry standards and the plans, drawings, and specifications applicable to its work.

10.	All work performed by UGI HVAC Enterprises, Inc., was inspected and approved.

11.	Any acts or omissions of UGI HVAC Enterprises, Inc., alleged to constitute negligence or carelessness were not substantial causes or factors or factual causes of the subject incident and/or did not result in the injuries and/or losses alleged.

12. UGI HVAC Enterprises, Inc.,, owes no duty to defend, indemnify, or hold harmless Third-Party Plaintiff, Harkins Builders, Inc., or any other party in connection with this matter.

13. The incident and/or damages described in Plaintiff's Complaint may have been caused or contributed to by the Plaintiff.

14. Third-Party Plaintiff, Harkins Builders, Inc., may have breached its obligations under the terms of its Subcontract Agreement with UGI HVAC Enterprises, Inc., that would bar its claims against UGI HVAC Enterprises, Inc., and Third-Party Defendant, Liberty Mutual Insurance Company, in this matter.

15. Any acts or omissions of UGI HVAC Enterprises, Inc., alleged to constitute negligence were not substantial causes or factors or factual causes of the damages claimed by Plaintiff and/or Third-Party Plaintiff, Harkins Builders, Inc., in this matter.

16. The incident, injuries and/or damages alleged to have been sustained by the Plaintiff were not proximately caused by UGI HVAC Enterprises, Inc., or Third-Party Defendant, Liberty Mutual Insurance Company.

17. Plaintiff's claims may be barred in whole or in part by the applicable Statute of Limitations.

18. The claims of Third-Party Plaintiff, Harkins Builders, Inc. may be barred in whole or in part by the applicable Statute of Limitations.

19. Third-Party Defendant, Liberty Mutual Insurance Company, denies any liability for damages under Rule 238, as amended, for the reason that the rule as amended is arbitrary and unconstitutional.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor on all claims asserted against it in this matter.

**CROSSCLAIMS AGAINST OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS**

1. For purposes of this New Matter Crossclaim only, Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the allegations of Plaintiff's Complaint, Minno & Wasko's Third-Party Complaint, and Harkins Builders' Third-Party Complaint, as if set forth herein in full, although the Third-Party Defendant, Liberty Mutual Insurance Company, does not admit the truth of those allegations as more fully stated in the preceding paragraphs of this Answer and Affirmative Defenses.

2. If the allegations of Plaintiff's Complaint, are proven true, in whole or in part, then Minno & Wasko Architects and Planners, P.C., and Moore Consulting Engineers may be directly liable to Plaintiff, jointly and severally liable with Third-Party Defendant, Liberty Mutual Insurance Company and/or UGI HVAC Enterprises, Inc., or liable over to Plaintiff and/or Third-Party Defendant, Liberty Mutual Insurance Company and/or UGI HVAC Enterprises, Inc., under theories of contribution and/or indemnification.

3. If the allegations of Minno & Wasko's Third-Party Complaint are proven true, in whole or in part, then Harkins Builders, Inc., may be directly liable to Plaintiff, jointly and severally liable with Third-Party Defendant, Liberty Mutual Insurance Company and/or UGI HVAC Enterprises, Inc., or liable over to Plaintiff and/or Third-Party Defendant, Liberty Mutual Insurance Company and/or UGI HVAC Enterprises, Inc., under theories of contribution and/or indemnification.

4. If the allegations of Harkins Builders' Third-Party Complaint,, are proven true, in whole or in part, then Third-Party Defendants, Central II, Inc., Athena Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance, and LM

Construction Enterprises, Inc., may be directly liable to Plaintiff, jointly and severally liable with Third-Party Defendant, Liberty Mutual Insurance Company and/or UGI HVAC Enterprises, Inc., or liable over to Plaintiff and/or Third-Party Defendant, Liberty Mutual Insurance Company and/or UGI HVAC Enterprises, Inc., under theories of contribution and/or indemnification.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor and against Plaintiff; Defendants, Minno & Wasko Architects and Planners PC, and Moore Engineering Consultants; and Third-Party Defendants, Central II, Inc., Athena Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance, and LM Construction Enterprises, Inc.

## OMNIBUS REPLY OF THIRD-PARTY DEFENDANT, LIBERTY MUTUAL INSURANCE COMPANY, TO ALL CROSSCLAIMS FILED BY OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS

1. Third-Party Defendant, Liberty Mutual Insurance Company, incorporates by reference the preceding paragraphs of its Answer to the Third-Party Complaint of Defendant, Harkins Builders, Inc., as if same were set forth herein in full.

2. To the extent that any of the Defendants or Third-Party Defendants assert Crossclaims against Third-Party Defendant, Liberty Mutual Insurance Company, Third-Party Defendant, Liberty Mutual Insurance Company, denies those Crossclaims. Third-Party Defendant, Liberty Mutual Insurance Company, denies that it may be solely liable, jointly and severally liable with any other Defendant or Third-Party Defendant, or liable over to any other Defendant or Third-Party Defendant by way of contribution or indemnification.

WHEREFORE, Third-Party Defendant, Liberty Mutual Insurance Company, respectfully requests that judgment be entered in its favor and against Plaintiff; Defendants, Minno & Wasko Architects and Planners PC, and Moore Engineering Consultants; and Third-Party Defendants,

Central II, Inc., Athena Stone Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States Fire Insurance, and LM Construction Enterprises, Inc.

                      POST & SCHELL, P.C.

BY: _____
      Attorney for Third-Party Defendant, Liberty Mutual Insurance Company