## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP, | |
| Plaintiff, | Civil Action No. 23-CV-01963 |
| v. | JURY TRIAL DEMANDED |
| MINNO & WASKO ARCHITECTS AND PLANNERS, P.C. AND MOORE CONSULTING ENGINEERS, LLC, | |
| Defendants. | |

### MINNO & WASKO ARCHITECTS AND PLANNERS, P.C.'s ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AGAINST 335 RIGHTERS FERRY ROAD, LP AND CROSSCLAIMS AGAINST MOORE CONSULTINGS ENGINEERS, LLC

Defendant Minno & Wasko Architects and Planners, P.C. (collectively, "M&W" and/or "Answering Defendant"), through its attorneys, Thompson Becker LLC, by way of answer to the Amended Complaint aver as follows:

### THE PARTIES

1.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

2.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

3.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

4.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

5.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

6.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

7.     Admitted in part, denied as stated.  It is admitted that M&W has a principal place of business at 80 Lambert Lane, Suite 105, Lambertville, New Jersey 08530 and that M&W is an architectural firm.  Any characterization of M&W's services as "full service" is denied.

8.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required.

9.     Admitted.

10.     Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

11.     Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

12.     Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

13.     Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

<u>JURISDICTION AND VENUE</u>

14.     Denied.  Answering Defendant reserves, and does not waive, the right to raise the lack of complete diversity by way of motion practice.

15.     Admitted in part, denied in part.  It is admitted that the real property at issue in the litigation is located in Pennsylvania.  All remaining averments in the corresponding paragraph are denied as legal conclusions to which no response is required.

16.     Denied.  All remaining averments in the corresponding paragraph are denied as legal conclusions to which no response is required.

## ALLEGED FACTS COMMON TO ALL COUNTS

17.     Denied.  All remaining averments in the corresponding paragraph are denied as legal conclusions to which no response is required.  M&W expressly denies any and all averments in the corresponding paragraph.

18.     Denied.  This paragraph refers to a document, the terms of which speak for themselves.

19.     Denied.  This paragraph refers to a document, the terms of which speak for themselves.

20.     Denied.  This paragraph refers to a document, the terms of which speak for themselves.

21.     Denied.  This paragraph refers to a document, the terms of which speak for themselves.

22.     Denied.  This paragraph refers to a document, the terms of which speak for themselves.

23.     Admitted in part, denied in Part.  To the extent this paragraph refers to a document, the terms of which speak for themselves and any characterization thereof is expressly denied.  To the extent a response is deemed to be required, M&W admits that it engaged Moore as its design

3

subconsultant with respect to certain Mechanical Electrical and Plumbing (MEP) aspects of the Project, which included, but was not limited to, the HVAC system.

24.     Denied.  M&W expressly denies the averments in the corresponding paragraph, as said averments fail to acknowledge that, upon information and belief, certain aspects of the Project, including the HVAC system, were value engineered by the Plaintiff and/or its contractors, representatives, and/or agents.

25.     Admitted in part, denied in Part. Admitted that M&W designed in part the exterior wall envelope. Denied that there is any connection and/or relationship between alleged excessive humidity and condensation and alleged property damage and M&W's design.

26.     Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

27.     Denied. M&W expressly denies the averments in the corresponding paragraph and denies that the HVAC System design or its own design contained any errors and/or omissions. M&W performed professional services with respect to the Project's HVAC System and exterior wall envelope reasonably and with due care under the circumstances, possession and employing the knowledge and skill usually possessed and employed by such design professional under the circumstances.

28.     Denied.  The averments of the corresponding paragraph are expressly denied with respect to the averred completion date of the Project.

29.     Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

30.     Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

31.    Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

32.    Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

33.    Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

34.    Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

35.    Denied.  Answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained in this paragraph. Plaintiff is left to its proofs.

36.    Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

37.    Denied.  M&W expressly denies the averments in the corresponding paragraph and its subparts, and Plaintiff is left to its proofs.

38.    Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

39.    Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

40.    Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

41.    Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

42.     Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

43.     Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

44.     Admitted in part; denied in part.  It is admitted that M&W was notified about alleged excessive humidity and interior condensation in September of 2021.  Any alleged connection and/or relationship between alleged excessive humidity and condensation and alleged property damage is denied and Plaintiff is left to its proofs.

45.     Admitted.

46.     Denied.   M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

47.     Denied.  M&W expressly denies the averments in the corresponding paragraph, and Plaintiff is left to its proofs.

## COUNT I

### Breach of Contract Against M&W

48.     Answering Defendant incorporates by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

49.     Denied.  The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

50.     Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

51.     Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

52.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

53.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

WHEREFORE, Answering Defendant, Minno & Wasko Architects and Planners, P.C., demands judgment in its favor dismissing the Complaint, costs of suit and reasonable attorneys' fees, and such further relief as the Court deems proper.

## COUNT II

### Professional Negligence Against M&W

### (Pled in the Alternative)

54.    Answering Defendant incorporate by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

55.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

56.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

57.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

58.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

59.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

60.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

61.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

62.    Denied. The averments in the corresponding paragraph are conclusions of law to which no response is required.  Plaintiff is left to its proofs.

WHEREFORE, Answering Defendant, Minno & Wasko Architects and Planners, P.C., demands judgment in its favor dismissing the Complaint, costs of suit and reasonable attorneys' fees, and such further relief as the Court deems proper.

## COUNT III

### Professional Negligence Against Moore

63.    Answering Defendants incorporate by reference the responses contained in the paragraphs above, as if fully set forth at length herein.

64.    Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

65.    Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.   To the extent the averments are directed to and/or relating to Answering Defendant, the same are expressly denied.  This paragraph refers to a document, the terms of which speak for themselves.

66.    Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

67.    Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

68.    Denied.  The averments of the corresponding paragraph are not directed to Answering Defendant.

69.     Denied.    The averments of the corresponding paragraph are not directed to Answering Defendant.

70.     Denied.    The averments of the corresponding paragraph are not directed to Answering Defendant.

WHEREFORE, Answering Defendant, Minno & Wasko Architects and Planners, P.C., demands judgment in its favor dismissing the Complaint, costs of suit and reasonable attorneys' fees, and such further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Answering Defendant is not liable for breach of contract and/or negligence.

### SECOND SEPARATE DEFENSE

Answering Defendant performed each and every duty which was owed to Plaintiff, if any, or to any other persons/entities.

### THIRD SEPARATE DEFENSE

The incident was caused solely by the acts or omissions of some other person or party over whom Answering Defendant had no control or right of control.

### FOURTH SEPARATE DEFENSE

The damages alleged are not the result of the incident which is the subject of Plaintiff's Complaint.

### FIFTH SEPARATE DEFENSE

The Plaintiff is liable for negligence which contributed to the alleged damage and, therefore, barred from recovery or subject to having the same diminished in accordance with Pennsylvania law.

## SIXTH SEPARATE DEFENSE

The incident was caused by defects which did not result from any act or omission on the part of Answering Defendant.

### SEVENTH SEPARATE DEFENSE

Plaintiff assumed the risk of injury or harm.

### EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata*.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Entire Controversy Doctrine.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### TWELFTH SEPARATE DEFENSE

The incident and damages complained of were caused by an Act of God.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of arbitration and award.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of settlement, waiver and/or release.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate damages.

## EIGHTEENTH SEPARATE DEFENSE

The Court lacks subject matter, particularly diversity, jurisdiction.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the terms of the contract between Plaintiff and M&W, which mandates mediation as a condition precedent to the filing of any litigation.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred by its own actions in breaching the parties' contract.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred by Plaintiff's own breaches of contract, actions, and/or inactions, which are the proximate cause of the Plaintiff's alleged damages.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, and/or subject to, the doctrines of set-off and/or recoupment and/or a counterclaim, relating to or concerning monies owed to Answering Defendant for services rendered.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff has filed to join and/or name all necessary and indispensable parties.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by laches.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by failure of consideration.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of the statute of frauds.


## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred by its breach of the duty of good faith and fair dealing.

## TWENTY-NINTH SEPARATE DEFENSE

Answering Defendant denies any and all Crossclaims filed (or to be filed) against it in this action.

## COUNTERCLAIMS AGAINST 335 RIGHTERS FERRY ROAD, LP

Counterclaim-Plaintiff Minno & Wasko Architects and Planners, P.C. ("M&W"), by and through its attorneys, Thompson Becker, LLC, submits its Counterclaims against Plaintiff/Counterclaim-Defendant 335 Righters Ferry Road, LP (the "Owner"), and avers as follows:

1.      M&W entered into a consultant agreement with the Owner, dated May 2, 2016, whereby M&W was to provide professional architectural design and management of sub design consultant services with respect to a construction project known was "Righters Ferry Apartments" (the "Project") in exchange for payment for said services (the "Agreement"). *See* Exhibit "1" attached hereto for a true and correct copy of the Agreement. Upon information and belief, the Owner is in possession, custody and control of a fully executed copy of said Agreement.

2.      Paragraph 3.1 of the Agreement provided that the Owner was to pay M&W for "Basic Services" consistent with Addendum "A."

3.      Paragraph 3.2 of the Agreement provided the following with respect to compensation for additional services:

> Compensation for Additional Services will be charged (i) on a lump sum basis to be agreed prior to the commencement of the Additional Services, or (ii) at Client's option, on the basis of actual hours expended by Consultant's personnel and billed at Consultant's Standard Hourly Rates. Such Additional Services shall become part of this Agreement, plus in either case Reimbursable Expenses.

4.      Paragraph 4.1 of the Agreement obligated Plaintiff to pay invoiced amounts within forty five (45) days after receipt of M&W's invoices.

5.      M&W performed services for the benefit of the Owner and the Project.

6.      The Owner utilized, benefited from and/or retained the beneficial use of M&W's services.

7.      M&W requested payment from the Owner for M&W's services by way of a series of outstanding invoices (the "Invoices").[1]

8.      Despite numerous inquiries and demands, although the Owner promised to fully compensate M&W for its services, the Owner has failed and/or refused to pay M&W for all of its services.

9.      Presently, the Owner owes M&W a total of $325,692.10.

## COUNTERCLAIM COUNT I

### BREACH OF CONTRACT

10.      M&W incorporates by reference its averments in the foregoing Counterclaim as though set forth fully herein.

11.      M&W has fully performed all obligations under the Agreement with respect to

---

[1] The thirty-one (31) Invoices due and owing are numbered as follows: 2772, 29048, 29396, 29641, 29756, 29978, 31365, 32023, 32393, 32579, 32689, 33211, 33260, 33540, 33609, 33935, 34123, 34221, 34346, 34480, 34701, 34783, 34903, 35028, 35618, 35724, 25879, 36045,36154, 36310, and 34691.

the Project.

12.    M&W is not in breach of any terms of the Agreement.

13.    Invoices due and owing from the Owner total the sum of $325,692.10, plus interest and other compensable costs pursuant to the Agreement and/or law.

14.    Despite repeated demands for payment, the Owner has failed and/or refused to make payment.


15.    The refusal by the Owner to make payments constitutes a breach of the aforesaid Agreement.

WHEREFORE, Counterclaim-Plaintiff Minno & Wasko Architects and Planners, P.C. demands judgment against Counterclaim-Defendant 335 Righters Ferry Road, LP in an amount in-excess of $325,692.10, together with interest and other compensable costs, and such further relief as this Court deems just and appropriate.

## COUNTERCLAIM COUNT II

**UNJUST ENRICHMENT/*QUANTUM MERUIT* (IN THE ALTERNATIVE)**

1.    M&W incorporates by reference its averments in the foregoing Counterclaim as though set forth fully herein.

2.    M&W sues the Defendant for the reasonable value of the services provided to, and retained by, the Owner and the Project, from which the Owner and/or Project have benefited.

3.    It would be unjust and inequitable for the Owner to retain the benefit of M&W's services without compensating M&W for said services.

4.    M&W is entitled to recover from Defendant the reasonable value of the

services furnished to the Project that remain unpaid in the amount $325,691.10.

5.      Despite demand by M&W, the Owner has failed and refused to make payment, and therefore has been unjustly enriched to the detriment of M&W.

        WHEREFORE, Counterclaim-Plaintiff Minno & Wasko Architects and Planners, P.C. demands judgment against Counterclaim-Defendant 335 Righters Ferry Road, LP in an amount in-excess of $325,692.10, together with interest and other compensable costs, and such further relief as this Court deems just and appropriate.

### CROSSCLAIMS AGAINST MOORE CONSULTING ENGINEERS, LLC

Crossclaim-Plaintiff Minno & Wasko Architects and Planners, P.C. ("M&W"), by and through its attorneys, Thompson Becker, LLC, submits its Crossclaims against Crossclaim-Defendant Moore Consulting Engineers, LLC ("Moore"), and avers as follows:

### CROSSCLAIM COUNT I

### CONTRIBUTION AND COMMON LAW INDEMNITY
### PURSUANT TO F.R.C.P. 13(g)

1.      Answering Defendant incorporates by reference its responses to each of the foregoing paragraphs as though set forth fully herein.

2.      As set forth in the foregoing Answer and Affirmative Defenses, it is expressly denied that Answering Defendant is liable to the Plaintiff or any other party or entity on any basis.

3.      Answering Defendant, without admitting any of the averments contained therein, only and solely for the purposes of asserting these crossclaims, hereby incorporates the averments of Plaintiff' Complaint made against M&W and Moore.

4.      To the extent that Plaintiff has sustained any damages as alleged, which averments are expressly denied, then Moore is solely liable for them, jointly and severally liable

for them, or liable over to Answering Defendant for contribution and/or common law indemnity.

WHEREFORE, Answering Defendant Minno & Wasko Architects and Planners, P.C., demands that Plaintiff's Complaint be dismissed and that judgment be entered in its favor or, in the event it is found liable, seeks a judgment that Defendant Moore Consulting Engineers, LLC is jointly and severally liable with Answering Defendant and/or liable over to it for contribution and/or common law indemnity, together with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

## CROSSCLAIM COUNT II

### CONTRACTUAL INDEMNIFICATION AGAINST MOORE

5. Answering Defendant incorporates by reference its responses to each of the foregoing paragraphs as though set forth fully herein.

6. As set forth in the foregoing Answer and Affirmative Defenses, it is expressly denied that Answering Defendant is liable to the Plaintiff or any other party or entity on any basis.

7. Answering Defendant entered into an agreement dated June 8, 2016 (the "Subconsultant Agreement") with Moore whereby Moore was to provide Mechanical Electrical Plumbing (MEP) design services for the construction project known as Righters Ferry Apartments in Lower Merion Township, Pennsylvania (the "Project"). A true and correct copy of the Subconsultant Agreement is attached hereto as Exhibit "2."

8. Pursuant to paragraph 2 of "Contract Terms and Conditions," section of the Subconsultant Agreement, Moore agreed that the "[f]orm of agreement for the [P]roject shall be AIA C401-2007 *Standard Form of Agreement between Architect and Consultant*." (*See* Ex. 1, at p. 2.)

9. Paragraph 8.3 of the AIA C401-2007 *Standard Form of Agreement between*

*Architect and Consultant* provides that:

> The Consultant [Moore] shall indemnify and hold the Architect [M&W] and the Architect's offers and employees harmless form and against damages, losses and judgments arising from claims by third parties, including reasonable attorneys' fees and expenses recoverable under applicable law, but only to the extent that they are caused by the negligent acts or omissions of the Consultant, its employees and its consultants in the performance of professional services under this Agreement.

10.    The foregoing provision requires Moore to indemnify and hold harmless Answering Defendant with respect to the claims and damages asserted by Plaintiff, including with respect to any liabilities, expenses, or costs, including reasonable attorneys' fees and defense costs, incurred by Answering Defendant in this action.

11.    As a result, Answering Defendant hereby demands that Moore indemnify and hold harmless M&W in connection with this action and that Moore reimburse Answering Defendant for all attorneys' fees and defense costs arising from this action.

## ANSWER TO ALL CROSSCLAIMS

Answering Defendant denies all crossclaims filed, or to be filed, against it in this action.

## DEMAND FOR JURY TRIAL

Answering Defendants hereby demand trial by jury as to all issues herein.

17

## **DEMAND FOR STATEMENT OF DAMAGES**

PLEASE TAKE NOTICE that pursuant to the application of the Federal Rule of Civil Procedure 26, the Answering Defendant requires that Plaintiff, within five days, furnish them with a computation of each category of damages claimed.

THOMPSON BECKER L.L.C.
*Attorneys for Defendant,*
*Minno & Wasko Architects and*
*Planners, P.C.*

/s/ Kathleen J. Seligman

By:_____

Dated:  February 3, 2025                       Joseph T. Ciampoli, Esq.
                                                           Kathleen J. Seligman, Esq.