## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP | |
| Plaintiff, | |
| v. | |
| MINNO & WASKO ARCHITECTS and PLANNERS, PC and MOORE CONSULTING ENGINEERS, LLC., | NO. 2:23-CV-01963 |
| Defendants, | |
| And | |
| MINNO & WASKO ARCHITECTS and PLANNERS, PC, | |
| Third-Party Defendants, | |
| v. | (Judge Chad F. Kenney) |
| HARKINS BUILDERS, INC. and NOLEN PROPERTIES, | CIVIL ACTION |
| Third-Party Defendants, | |
| And | JURY TRIAL DEMANDED |
| HARKINS BUILDERS, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| HOMESERVE USA ENERGY SERVICES, LLC d/b/a UGI HEATING, COOLING & PLUMBING f/k/a UGI HVAC ENTERPRISES, INC., LIBERTY MUTUAL INSURANCE COMPANY, CENTRAL II, INC., ATHENA STONE CORPORATION, AMERICAN SOUTHERN INSURANCE COMPANY, LEGACY SERVICES USA, LLC, UNITED STATES FIRE INSURANCE COMPANY, LM CONSTRUCTION ENTERPRISES, INC. | |

1

and UGI HVAC ENERPRISES, INC. and
UGI ENERGY SERVICES, LLC

          Third-Party Defendants.

## ANSWER OF ATHENA STONE CORPORATION TO
## AMENDED THIRD PARTY COMPLAINT OF HARKINS BUILDERS, INC.,
## WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM AND CROSSCLAIMS

COMES NOW Athena Stone Corporation, by and through its undersigned counsel, Mark

T. Sheridan, Esq., Wylam & Georgetti, LLC, and hereby files its Answer to the Amended Third

Party Complaint of Harkins Builders, Inc., with Affirmative Defenses, Counterclaim and

Crossclaims.

## NATURE OF THE ACTION

1. Admitted.

2. Admitted upon belief.

3. No response is required to this Paragraph.

4. No response is required to this Paragraph.

5. Denied as to Athena Stone Corporation (hereafter referred to as Athena Stone or

Answering Defendant).

## THE PARTIES

6. Admitted upon belief.

7 - 9. The allegations contained within Paragraphs 7 through 9 are directed against

parties other than the Answering Defendant and, as such, no response to such Paragraphs is

required by Athena Stone Corporation.

10. Admitted.

11 - 16. The allegations contained within Paragraphs 11 through 16 are directed against

parties other than the Answering Defendant and, as such, no response to such Paragraphs is

required by Athena Stone.

## JURISDICTION AND VENUE

17.  Athena Stone does not challenge or dispute venue of this action.

18.  No response is required to this Paragraph.

19.  Athen Stone does not challenge personal jurisdiction in this action.

20.  Athena Stone does not challenge or dispute venue of this action.

## HOMESERVE, LIBERTY MUTUAL AND CENTRAL

21 - 57.  The allegations contained within Paragraphs 21 through 57 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## ATHENA STONE

58.  The allegations contained within this Paragraph are generally admitted and with the further information that Athena Stone did contract with a sub-contractor in connection with the performance of the work at the building in question.

59.  No response is required to this Paragraph.

60.  Admitted.

61.  It is admitted that Athena Stone was a signatory to the referenced Performance Bond and which is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

62.  The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

63.  The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

64. The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

65. The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

66. Admitted upon belief.

67. Admitted upon belief.

68. This allegation contains conclusions of law and to which no response is required and the timeline for the communications can be established if ever necessary.  Further, Athena Stone is not an insurance company.

69. Admitted upon belief.

70. Denied.   Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

71. Denied and strict proof of same is hereby demanded.

72. Denied.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

73. Denied.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

## AMERICAN SOUTHERN, LEGACY, UNITED STATES FIRE, LM CONSTRUCTION, UGI HVAC, AND UGI ENERGY

74 - 144.  The allegations contained within Paragraphs 74 through 144 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT I - CONTRIBUTION

145.   In answer to Paragraph 145, reference is made to Paragraphs 1-144, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

146.   Answering Defendant hereby denies any and all allegations of negligence or wrongdoing and which might be contained in or otherwise implied as against Athena Stone in the Third Party Complaint of Minno & Wasko Architects and Planners, PC.

147.   Answering Defendant hereby denies that it is "liable over" to Harkins Builders, Inc. and specifically denies that any of its acts, or omissions, have caused or contributed to any damages that may have been sustained by the Plaintiff or by any other party to this action.

## COUNT II – BREACH OF CONTRACT

148.   In answer to Paragraph 148, reference is made to Paragraphs 1-147, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

149 - 162.  The allegations contained within Paragraphs 149 through 162 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT III – BREACH OF PERFORMANCE BOND

163.   In answer to Paragraph 163, reference is made to Paragraphs 1-162, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

164 - 177.  The allegations contained within Paragraphs 164 through 177 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT IV – CONTRACTUAL INDEMNIFICATION

178.   In answer to Paragraph 178, reference is made to Paragraphs 1-177, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

179 - 181.  The allegations contained within Paragraphs 179 through 181 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT V – BREACH OF CONTRACT

182.   In answer to Paragraph 182, reference is made to Paragraphs 1 through 181, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

183 - 195.  The allegations contained within Paragraphs 183 through 195 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT VI – CONTRACTUAL INDEMNIFICATION

196.   In answer to Paragraph 196, reference is made to Paragraphs 1 through 195, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

197 - 199.  The allegations contained within Paragraphs 197 through 199 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT VII – BREACH OF CONTRACT
### Harkins v. Athena Stone and American Southern Insurance

200. In answer to Paragraph 200, reference is made to Paragraphs 1 through 199, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

201. No response is required to this Paragraph.

202. The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

203. Denied.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

204. The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

205. Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no  answer is required herein.

206. This allegation is directed to a party other than Athena Stone.

207. Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no  answer is required herein.

208. The referenced Agreement is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

209. Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

210. Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

211. Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

212. Denied as phrased.  It is not denied that Harkins submitted tender letters. Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

213. This Paragraph includes conclusions of law and to which no answer is required herein.

214. Denied as to Athena Stone and strict proof of same is hereby demanded. Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

## COUNT VIII – BREACH OF PERFORMANCE BOND
## Harkins v. Athena Stone and American Southern Insurance

215.   In answer to Paragraph 215, reference is made to Paragraphs 1 through 214, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

216. No response is required to this Paragraph.

217. The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

218. Denied.   Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

219.  The referenced Subcontract is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

220.  Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no  answer is required herein.

221.  This allegation is directed to a party other than Athena Stone.

222.  Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no  answer is required herein.

223.  The referenced Agreement is a written instrument that speaks for itself in all respects and to the extent that this Paragraph includes conclusions of law no further answer is required herein.

224.  Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

225.  Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

226.  Denied and strict proof of same is hereby demanded.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

227.  Denied as phrased.  It is not denied that Harkins submitted tender letters. Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

228.  This Paragraph includes conclusions of law and to which no answer is required herein.

229.  Denied as to Athena Stone and strict proof of same is hereby demanded. Furthermore, this Paragraph includes conclusions of law and to which no answer is required

herein.

## COUNT IX – CONTRACTUAL INDEMNIFICATION
### Harkins v. Athena Stone and American Southern Insurance

230.   In answer to Paragraph 230, reference is made to Paragraphs 1 through 229, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

231.   No response is required to this Paragraph.

232.   Denied as to Athena Stone.  Furthermore, this Paragraph includes conclusions of law and to which no answer is required herein.

233.   To the extent that any response or answer is required, denied as to Athena Stone and, to repeat, the Subcontract in question is a written document that speaks for itself in all respects.

## COUNT X – BREACH OF CONTRACT

234.   In answer to Paragraph 234, reference is made to Paragraphs 1 through 233, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

235 - 248.  The allegations contained within Paragraphs 235 through 248 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT XI – BREACH OF CONTRACT

249.   In answer to Paragraph 249, reference is made to Paragraphs 1 through 248, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

250 - 263.  The allegations contained within Paragraphs 250 through 263 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT XII – BREACH OF PERFORMANCE BOND

264.   In answer to Paragraph 264, reference is made to Paragraphs 1 through 263, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

265 - 267.  The allegations contained within Paragraphs 265 through 267 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT XIII – BREACH OF CONTRACT

268.   In answer to Paragraph 268, reference is made to Paragraphs 1 through 267, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

269 - 281.  The allegations contained within Paragraphs 269 through 281 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## COUNT XIV – CONTRACTUAL INDEMNIFICATION

282.   In answer to Paragraph 282, reference is made to Paragraphs 1 through 281, inclusive, of this Answer, the contents of which are incorporated herein as fully as though the same were set forth herein at length.

283 - 285.  The allegations contained within Paragraphs 283 through 285 are directed against parties other than the Answering Defendant and, as such, no response to such Paragraphs is required by Athena Stone.

## AFFIRMATIVE DEFENSES

1.  Third-party Plaintiff Harkins Builders, Inc., has failed to state a cause of action as against Athena Stone Corporation upon relief may be granted.

2.  Athena Stone Corporation did not breach any of its obligations as owed to Harkins Builders in connection with the subject building project.

3.  Athena Stone denies any and all liability for any damages that are being sought in this action.

4.  Athena Stone pleads the defenses of accord and satisfaction and release.

5.  Athena Stone also pleads the defense of the appliable statute of limitations in this matter.

## COUNTERCLAIM

1.  Athena Stone hereby adopts and incorporates by reference each of the foregoing Paragraphs in its Answer to the Third Party Complaint of Harkins Builders.

2.  Without admitting any liability and, specifically, denying any and all liability in this matter, Athena Stone avers that in the event that the original Plaintiffs, or any Third Party Plaintiffs (or Fourth Party Plaintiffs) are entitled to any recovery as against Athena Stone, and which, as set out above, is specifically denied, then it is averred that any such damages were caused by the negligence of Minno & Wasko Architects and Planners, Moore Consulting, Harkins Builders, Inc., and/or by Nolen Properties, and that such parties are liable to Athena Stone for common law and/or contractual contribution and/or indemnity.

3. As such, Athena Stone asserts Counterclaims for contribution as against such parties in accordance with the Pennsylvania Tortfeasors' Contribution Act, 42 Pa. C.S. Section 7102, et. seq.

## CROSSCLAIMS

1. Without admitting any liability and, specifically, denying any and all liability in this matter, Athena Stone hereby incorporates the allegations and averments contained in the Third Party Amended Complaint of Harkins Builders, Inc. together with the foregoing Answer of Athena Stone, as if specifically set forth herein.

2. In the event that Harkins Builders is entitled to recovery on the causes of action set forth in their Amended Complaint, their injuries and or damages were caused by the actions or omissions of Defendants Minno & Wasko Architects and Planners and Moore Consulting, and/or by Nolen Properties, and/or by the Third Party / Fourth Party Defendants Legacy Service USA LLC, Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Central II, Inc., LM Construction Enterprises, Inc, UG HVAC Enterprises, Inc., and UGI Energy Services, LLC.

3. In the event that any liability is judicially determined as against Athena Stone in connection with the Third Party Complaint of Harkins Builders, then it is averred herein that Defendants Minno & Wasko Architects and Planners and Moore Consulting, Third Party Defendant Nolen Properties, and/or Third Party / Fourth Party Defendants Legacy Service USA LLC, Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Central II, Inc., LM Construction Enterprises, Inc, UG HVAC Enterprises, Inc., and UGI Energy Services, LLC. are liable over to Athena Stone by way of indemnity or contribution and/or jointly and severally liable with Athena Stone.

## ANSWER TO ALL CROSSCLAIMS

Athena Stone Corporation, by and through its undersigned counsel, hereby denies any and all Crossclaims filed against it in this action, to date, or which in the future may be filed against it.

Respectfully submitted,

WYLAM & GEORGETTI, LLC

By: _____

Mark T. Sheridan, Esq.
Counsel for Athena Stone Corporation

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

335 RIGHTERS FERRY ROAD, LP

        Plaintiff,

   v.

MINNO & WASKO ARCHITECTS and
PLANNERS, PC and MOORE
CONSULTING ENGINEERS, LLC.,

        Defendants, et al.

NO. 2:23-CV-01963

## <u>CERTIFICATE OF SERVICE</u>

    I, Mark T. Sheridan, Esquire, hereby certify that on February 7, 2025, I served a true and correct copy of the foregoing Answer to Third Party Amended Complaint of Harkins Builders, with Affirmative Defenses, Counterclaim and Crossclaims, on behalf of Athena Stone, on all counsel of records via the United States Federal Court E-filing system.

        WYLAM & GEORGETTI, LLC


        _____
        Mark T. Sheridan