UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 335 RIGHTERS FERRY ROAD, LP<br><br>Plaintiff,<br><br>v.<br><br>MINNO & WASKO ARCHITECTS and PLANNERS, PC and MOORE CONSULTING ENGINEERS, LLC.,<br><br>Defendants,<br>And<br><br>MINNO & WASKO ARCHITECTS and PLANNERS, PC,<br><br>Third-Party Defendants,<br><br>v.<br><br>HARKINS BUILDERS, INC. and NOLEN PROPERTIES,<br><br>Third-Party Defendants,<br>And<br><br>HARKINS BUILDERS, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>HOMESERVE USA ENERGY SERVICES, LLC d/b/a UGI HEATING, COOLING & PLUMBING f/k/a UGI HVAC ENTERPRISES, INC., LIBERTY MUTUAL INSURANCE COMPANY, CENTRAL II, INC., ATHENA STONE CORPORATION, AMERICAN SOUTHERN INSURANCE COMPANY, LEGACY SERVICES USA, LLC, UNITED STATES FIRE INSURANCE COMPANY, LM CONSTRUCTION ENTERPRISES, INC. | NO. 2:23-CV-01963<br><br><br><br>(Judge Chad F. Kenney)<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

1

and UGI HVAC ENERPRISES, INC. and
UGI ENERGY SERVICES, LLC

Third-Party Defendants.

## THIRD PARTY COMPLAINT OF ATHENA STONE CORPORATION

COMES NOW Third Party Defendant Athena Stone Corporation, by and through its counsel, Wylam & Georgetti, LLC, and alleges as against Third Party Defendant David R. Construction, LLC, as follows:

### NATURE OF THE ACTION

1. This matter was initiated by the original Plaintiff, 335 Righters Ferry Road, L.P. ("Plaintiff"), a single purpose entity that developed and owns the apartment complex located at 335 Righters Ferry Road in Bala Cynwyd, Pennsylvania.

2. Plaintiff filed its Complaint on May 24, 2023, and set forth claims against original Defendants Minno and Wasko Architects and Planners, P.C. and Moore Consulting Engineers, LLC. The Complaint generally alleged that said Defendants failed to properly design the HVAC system in the building and which has resulted in excessive humidity and which has caused moisture related damages.

3. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit A.

4. Thereafter, on July 17, 2024, and as relevant to this Third Party Complaint, Defendant Minno and Wasko Architects and Planners, P.C., filed a Third Party Complaint against Harkins Builders, Inc., and which company served as the General Contractor on the project.

5. Among other things, the Third Party Complaint against Harkins Builders, Inc. alleges that there were alleged deficiencies in the construction of the building envelope. A copy of the Third Party Complaint against Harkins Builders, Inc., is attached hereto and marked as Exhibit B.

2

6. Thereafter, Third Party Defendant Harkins Builders, Inc., on November 25, 2024, filed a Third Party Complaint against multiple contractors that were hired by Harkins Builders, Inc. on this building project, including Athena Stone Corporation. The Third Party Complaint also named a number of surety companies as Third Party Defendants.

7. Thereafter, on December 23, 2024, Harkins Builders, Inc. filed an Amended Third Party Complaint and which included Athena Stone Corporation, among other contractors, and which contractors were said to have performed work on the envelope of the building.

8. A copy of Harkins Builders' Amended Third Party Complaint is attached hereto and is marked as Exhibit C.

9. The Amended Third Party Complaint of Harkins Builders, Inc. (hereafter referred to as Harkins Builders) generally alleges that Athena Stone is liable for any deficiencies that may exist with the thin veneer brick installation and which work is alleged to have been a part of the "building envelope" issues. See Paragraphs 58 – 73 of Harkins' Amended Third Party Complaint.

10. Harkins Builders contends, furthermore, that Athena Stone is liable to it, pursuant to the Subcontract that such parties entered into, for indemnification and alleges that Athena Stone has agreed to hold Harkins Builders harmless for any deficiencies with its work relative to the installation of the thin brick veneer.

11. Athena Stone wholly denies that any issues complained of by Harkins Builders, or by any party to this litigation, or any damages being alleged by any party, are connected in any way to any of the thin brick veneer installation work that was done.

## THE PARTIES

12. Athena Stone Corporation is a Maryland corporation with a principal place of business located at 8335 Pulaski Highway, 2nd Floor, Baltimore, MD 21237.

13. Third Party Defendant David R. Construction, LLC, is, upon information a Maryland limited liability company, with its principal place of business located at 512 Sage Hen Way, Frederick, Maryland, 21703.

## JURISDICTION AND VENUE

14. This Court has original Jurisdiction under 28 U.S.C. § 1332(a).

15. This Third Party Complaint is filed pursuant to Federal Rule of Civil Procedure 14(a) and in accordance with the Order entered by the Honorable Chad F. Kenney on January 23, 2025.

16. The Court has personal jurisdiction over Third Party Defendant David R. Construction, Inc., as the claims arise out of acts and / or omissions that occurred in the Commonwealth of Pennsylvania.

17. Furthermore, venue is proper in this Court as the claims arise out of acts or omissions that occurred within this District and the building in question, and which is the subject of the original Plaintiff's underlying action, is located within this district.

## FACTS AND BACKGROUND REGARDING DAVID R. CONSTRUCTION, LLC

18. With regard to the building project in question, Athena Stone entered into a Subcontract with David R. Construction, LLC, in December 2017, in connection with the thin brick veneer work.

19. A copy of the Subcontract as between Athena Stone and David R. Construction, LLC, is attached hereto, incorporated by reference, and marked as Exhibit D.

20. As will be noted, this Subcontract was signed by both parties and the signature on behalf of Athena Stone was dated December 7, 2017.

21. The Subcontract provides, <u>inter alia</u>, that David R. Construction, LLC:

- guarantees its work to the same extent as required by the prime contract (i.e. the contract as between Athena Stone Corporation and the general contractor, Harkins Builders);

- will provide a Certificate of Insurance naming Athena Stone as an Additional Insured; and

- will indemnify and hold Athena Stone harmless form any and all liabilities that may arise from its operations related to the project.

22. David R. Construction, LLC, has provided Athena Stone with Certificates of Insurance for various, relevant policy periods, copies of which are attached hereto, incorporated by reference, and collectively marked as Exhibit E.

23. Without admitting any of the factual averments or conceding any legal conclusions contained within Harkins' Amended Third Party Complaint, Athena Stone Corporation hereby incorporates all properly pled allegations contained in said Third Party Complaint as directed specifically to and against Athena Stone Corporation.

See Paragraphs 58 – 73 of the Amended Third Party Complaint, Exhibit C.

24. Any refusal by David R. Construction, LLC, to indemnify and hold harmless Athena Stone Corporation in connection with this building project and this litigation would, it is believed and averred, constitute a breach of the parties' Subcontract Agreement.

25. Furthermore, any refusal by David R. Construction, LLC's insurer to extend coverage to Athena Stone Corporation as an Additional Insured would constitute a breach the parties' Subcontract Agreement.

26. Without admitting any of the allegations of Harkins' Third Party Complaint, Athena Stone Corporation contends and alleges that if any of the damages set forth and pled in the Third Party Complaint against Athena Stone Corporation are proven to be true, in whole or in part, then said damages were caused by the acts and/or omissions of David R. Construction, LLC in the performance of its work.

27. Without admitting any of the allegations of Harkins' Third Party Complaint, Athena Stone Corporation contends and alleges that if any of the damages set forth and pled in the Third Party Complaint as against Athena Stone Corporation are proven to be true, in whole or in part, then David R. Construction, LLC, will be contractually required to defend, indemnify and hold Athena Stone Corporation harmless against the claims of Harkins Builders, as per the parties Subcontract Agreement.

28. Without admitting any of the allegations of Harkins' Third Party Complaint, Athena Stone Corporation contends that David R. Construction, LLC, is contractually obligated to ensure that its liability insurance carrier extend coverage to Athena Stone Corporation as an additional insured pursuant to the terms of the parties' Subcontract Agreement.

29. Without admitting any of the allegations of Harkins' Third Party Complaint, Athena Stone Corporation contends and alleges that if any of the damages set forth and pled in the Third Party Complaint as against Athena Stone Corporation are proven to be true, in whole or in part, and Athena Stone Corporation is found liable, in whole or in part, David R. Construction, LLC, will be liable over to Athena Stone Corporation for contractual and/or common law indemnification and contribution.

## COUNT I – CONTRIBUTION

30. Athena Stone Corporation hereby adopts and incorporates Paragraphs 1 through 29 above as if same were set forth herein in full.

31. In the event that Harkins Builders recovers any damages as against Athen Stone Corporation in connection with any work that it was to provide to Harkins Builders in connection with the subject building project, then David R. Construction, LLC is liable over to Athena Stone Corporation for common law contribution for any amount of damages that Athena Stone Corporation may be liable to Harkins Builders.

32. Specifically, David R. Construction, LLC, is liable over to Athena Stone Corporation based upon its:

    a. Failure to perform its work at the project site in a proper and workmanlike manner;

    b. Failure to correctly furnish and install the thin brick veneer;

    c. Causing damage to the building's siding and / or building envelope during the course of its work on the building; and

    d. Any other liability producing conduct and which might be revealed during the course of discovery in this case.

33. To the extent that any allegations made by Harkins Builders as against Athena Stone Corporation regarding deficiencies with the installation of the thin brick veneer and or with the building envelope in question are proven to be true, then in such event David R. Construction, LLC is liable over to Athena Stone Corporation on the basis of common law contribution.

## COUNT II – BREACH OF CONTRACT

34. Athena Stone Corporation hereby adopts and incorporates Paragraphs 1 through 33 above as if same were set forth herein in full.

35. David R. Construction, LLC, by and through its Subcontract Agreement with Athena Stone Corporation, guaranteed that all of its work at the subject building site would be to the same extent as required by the Subcontract in place as between Harkins Builders and Athena Stone Corporation.

36. If the allegations of Harkins Builders as directed against Athena Stone Corporation are proven to be true, then in such event, David R. Construction, LLC breached its agreement to perform such work to the same extent as required by the Subcontract as between Harkins Builders and Athena Stone Corporation.

37. Additionally, the Subcontract Agreement required David R. Construction, LLC to indemnify and to hold Athena Stone Corporation harmless from any and all liabilities that may arise from David R. Construction, LLC's operations related to the project in question.

38. As such, David R. Construction, LLC is contractually obligated to indemnify and hold Athena Stone Corporation harmless from and against the claims asserted by Harkins Builders in this matter.

39. Any failure on the part of David R. Construction, LLC to indemnify and hold Athena Stone Corporation harmless for any damages rendered against Athena Stone Corporation in this matter would, it is believed and averred, constitute a breach of the parties' Subcontract Agreement.

40. Furthermore, any failure on the part of David R. Construction, LLC's insurer to extend coverage to Athena Stone Corporation as an Additional Insured would constitute a breach the parties' Subcontract Agreement.

## COUNT III – CONTRACTUAL INDEMNIFICATION

41. Athena Stone Corporation hereby adopts and incorporates Paragraphs 1 through 40 above as if same were set forth herein in full.

42. Based upon all of the reasons set forth above, it is contended that any amount of money that Athena Stone Corporation is found to be liable in this matter by a jury or which it voluntarily pays through any settlement of the claims against it, David R. Construction, LLC, shall be responsible, through the terms of its Subcontract Agreement with Athena Stone Corporation, for any such amount.

WHEREFORE, and based upon the foregoing and the Exhibits attached hereto, Athena Stone Corporation respectfully requests that this Honorable Court enter judgment in its favor as against David R. Construction, LLC.

Respectfully submitted,

WYLAM & GEORGETTI, LLC

By: _____
Mark T. Sheridan, Esq.
Counsel for Athena Stone Corporation