**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| 335 RIGHTERS FERRY ROAD, LP, | : | |
| | : | Civil Action No.: 2:23-cv-01963-CFK |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| MINNO & WASKO ARCHITECTS | : | |
| AND PLANNERS, PC and MOORE | : | |
| CONSULTING ENGINEERS, LLC, | : | |
| | : | **ANSWER WITH AFFIRMATIVE** |
| | **:** | **DEFENSES AND CROSSCLAIMS OF** |
| | : | **THIRD-PARTY DEFENDANT,** |
| | **:** | **CENTRAL II, INC., TO HARKINS** |
| Defendants, | : | **BUILDERS, INC.'S** |
| | : | **AMENDED THIRD-PARTY** |
| And | : | **COMPLAINT** |
| | : | |
| MINNO & WASKO ARCHITECTS | : | |
| AND PLANNER, PC, | : | |
| | : | |
| Third-Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HARKINS BUILDERS, INC., AND | : | |
| NOLEN PROPERTIES, | : | |
| | : | |
| Third-Party Defendants | : | |
| | : | |
| And | : | |
| | : | |
| HARKINS BUILDERS, INC., | : | |
| | : | |
| Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOMESERVE USA ENERGY | : | |
| SERVICES, LLC d/b/a UGI HEATING | : | |
| COOLING & PLUMBING f/k/a UGI | : | |
| HVAC ENTERPRISES, INC., and | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE | : | |

1

COMPANY, and                               :
                                           :
CENTRAL II, INC., and                      :
                                           :
ALTHEA STONE CORPORATION, and              :
                                           :
AMERICAN SOUTHERN INSURANCE                :
COMPANY, and                               :
                                           :
LEGACY SERVICES USA, LLC, and              :
                                           :
UNITED STATES FIRE INSURANCE               :
COMPANY, and                               :
                                           :
LM CONSTRUCTION ENTERPRISESS               :
INC., and                                  :
                                           :
UGI HVAC ENTERPRISES, INC., and            :
                                           :
UGI ENERGY SERVICES, LLC,                  :
                                           :
              Third Party Defendants.      :
                                           :

Third-Party Defendant, Central II, Inc. ("Central II"), hereby submits its Answer with Affirmative Defenses and Crossclaims to the Amended Third-Party Complaint of Third-Party Plaintiff, Harkins Builders, Inc. ("Harkins Builders"), as follows:

## <u>NATURE OF THE ACTION</u>

1.      Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. To the extent those allegations are deemed factual, they are denied.

2.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

3.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.  By way of further response, the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint refer to a written document which speaks for itself, and any characterizations thereof are denied.

4.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.  By way of further response, the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint refer to a written document which speaks for itself, and any characterizations thereof are denied.

5.      Denied. Central II denies that any of its work at the subject location contained any deficiencies.  By way of further response, upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## THE PARTIES

6.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

7.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

8.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

9.      Admitted in part; denied in part. It is admitted only that Central II is a Pennsylvania corporation. Central II denies that it has a principal place of business located at 402-B Huntingdon Pike, Rockledge, PA 19046. By way of further response, Central II has a current principal place of business located at 502 East Pennsylvania Boulevard, Feasterville, PA 19053.

10.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

11.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

12.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

13.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

14.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

15.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

16.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## JURISDICTION AND VENUE

17.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied.

18.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied.

19.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied.

20.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied.

<u>**HOMESERVE**</u>

21.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

22.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

23.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

24.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant

and/or material.

25.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

26.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

27.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

28.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

29.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this

paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

30.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

31.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

32.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

33.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

34.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

35.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

36.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## LIBERTY MUTUAL'S PERFORMANCE GUARANTEES

37.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

38.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this

paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

39.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

40.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

<u>**CENTRAL**</u>

41.     Denied as stated. Central II agreed to perform work as outlined and provided for in the Subcontract Agreement entered into between Harkins Builders and Central II.

42.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.  Lastly, the averments in M&W's Third-Party Complaint are denied as incorporated.

43.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required.

Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

44.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

45.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

46.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

47.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

48.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

49.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

50.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

51.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

52.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

53.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

54.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a

written document which speaks for itself, and any characterizations thereof are denied.  By way
of further response, Central II denies that it has failed to fulfill any of its obligations contained in
the subject agreement between it and Harkins Builders, and/or that it owes any such indemnity
and insurance obligations in this matter, as alleged.

55.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. To the extent a further response is deemed required,
Central II specifically denies that it breached the Subcontract Agreement with Harkins Builders,
and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or
material.  Further, the allegations refer to a written document which speaks for itself, and any
characterizations thereof are denied. Additionally, Central II denies that any act or conduct by it
caused any alleged damages to Harkins Builders and its insurers, the existence of which is
denied.  Central II further incorporates by reference, as if fully set forth herein at length, its
response to Paragraph No. 54 above.

56.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied and strict proof thereof is demanded at the time of any
hearing and/or trial, if relevant and/or material.   To the extent a further response is deemed
required, Central II specifically denies that it breached the Subcontract Agreement with Harkins
Builders.  Further, the allegations refer to a written document which speaks for itself, and any
characterizations thereof are denied. Additionally, Central II denies that any act or conduct by it
caused any alleged damages to Harkins Builders and its insurers, the existence of which is

denied.  Central II further incorporates by reference, as if fully set forth herein at length, its response to Paragraph No. 54 above.

57.     Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, Central II denies that it owes or will owe contractual and/or common law indemnification and contribution to Harkins Builders, as alleged.

## ATHENA STONE

58.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

59.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

60.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

61.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

62.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

63.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

64.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

65.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

66.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

67.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

68.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

69.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or
information sufficient to form a belief as to the truth of the allegations contained in this
paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed
denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant
and/or material.

70.      Denied. Upon reasonable investigation, Central II presently lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

71.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

72.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

73.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## AMERICAN SOUTHERN'S PERFORMANCE GUARANTEES

74.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

75.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

76.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

77.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## LEGACY

78.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

79.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

80.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

81.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

82.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

83.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

84.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

85.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

86.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

87.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

88.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

89.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

90.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

91.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

92.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant

and/or material.

**UNITED STATES FIRE'S PERFORMANCE GUARANTEES**

93.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

94.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

95.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

96.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## LM CONSTRUCTION

97.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

98.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

99.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

100.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

101.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

102.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

103.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

104.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

105.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

106.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

107.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

108.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

109.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

110.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

111.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

112.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

**UGI HVAC**

113.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

114.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this

paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

115.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

116.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

117.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

118.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

119.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

120.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

121.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

122.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

123.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

124.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

125.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

126.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

127.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

128.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## UGI ENERGY

129.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

130.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

131.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

132.     Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this

paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

133.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

134.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

135.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

136.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

137.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

138.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

139.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

140.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

141.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed

denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

142.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

143.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

144.    Denied. Upon reasonable investigation, Central II presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint. Accordingly, they are deemed denied, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.

## COUNT I – CONTRIBUTION

### Harkins v. HomeServe, UGI HVAC, UGI Energy, Central, Athena Stone, Legacy and LM Construction

145.    Central II hereby incorporates by reference its responses to the preceding paragraphs as though these responses were fully set forth herein at length.

146.    Central II hereby incorporates by reference its responses to the preceding paragraphs as though these responses were set forth herein at length, especially paragraph No. 42.

147.    Denied as to Central II. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. To the extent a further response is deemed required, Central II specifically denies that it is liable over to Harkins for contribution for any monies that Harkins may be found liable or responsible to M&W.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT II – BREACH OF CONTRACT

### Harkins v. HomeServe, UGI HVAC, UGI Energy and Liberty Mutual

148-162. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT III – BREACH OF PERFORMANCE BOND

### Harkins v. HomeServe, UGI HVAC, UGI Energy and Liberty Mutual

163-177. Denied. The allegations contained in these paragraphs of Harkins Builders'
Amended Third-Party Complaint are conclusions of law and directed to another party, and
therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended
Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively,
that judgment be entered in its favor, together with its costs of defense, including attorney's fees
and any other relief deemed appropriate by the Court.

<u>**COUNT IV – CONTRACTUAL INDEMNIFICATION**</u>

**Harkins v. HomeServe, UGI HVAC, UGI Energy and Liberty Mutual**

178-181. Denied. The allegations contained in these paragraphs of Harkins Builders'
Amended Third-Party Complaint are conclusions of law and directed to another party, and
therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended
Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively,
that judgment be entered in its favor, together with its costs of defense, including attorney's fees
and any other relief deemed appropriate by the Court.

<u>**COUNT V– BREACH OF CONTRACT**</u>

<u>**Harkins v. Central**</u>

182.    Central II hereby incorporates by reference its responses to the preceding
paragraphs as though these responses were fully set forth herein at length.

183.    Central II hereby incorporates by reference its responses to the preceding
paragraphs as though these responses were set forth herein at length, especially paragraph No.
42.

184.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

185.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. To the extent a further response is deemed required,
Central II specifically denies that it breached the Subcontract Agreement with Harkins Builders,
and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or
material.  Further, the allegations refer to a written document which speaks for itself, and any
characterizations thereof are denied.

186.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.  Further,
Central II denies that it is required to defend, indemnify and/or hold harmless Harkins Builders
from the claims asserted against Harkins Builders.

187.     Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response, the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.  Further,
Central II denies that it is required to defend, indemnify and/or hold harmless Harkins Builders
from the claims asserted against Harkins Builders.

188.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. To the extent a further response is deemed required,
Central II specifically denies that it breached the Subcontract Agreement with Harkins Builders,
and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or
material.  Further, the allegations refer to a written document which speaks for itself, and any
characterizations thereof are denied.  Further, Central II denies that it is required to defend,
indemnify and/or hold harmless Harkins Builders from the claims asserted against Harkins
Builders.

189.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. By way of further response,  the allegations refer to a
written document which speaks for itself, and any characterizations thereof are denied.

190.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. To the extent a further response is deemed required,
Central II specifically denies that it breached the Subcontract Agreement with Harkins Builders,
and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or
material.  Further, the allegations refer to a written document which speaks for itself, and any
characterizations thereof are denied.

191.    Denied. The allegations contained in this paragraph of Harkins Builders'
Amended Third-Party Complaint are conclusions of law to which no response is required.
Accordingly, they are deemed denied. To the extent a further response is deemed required,

Central II specifically denies that it breached any contract with Harkins Builders, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material. Further, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied. Additionally, Central II denies that any act or conduct by it caused any alleged damages to Harkins Builders, the existence of which is denied.

192. Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. To the extent a further response is deemed required, Central II specifically denies that it breached any contract with Harkins Builders, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material. Further, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied. Additionally, Central II denies that any act or conduct by it caused any alleged damages to Harkins Builders, the existence of which is denied.

193. Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

194. Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied. Further, Central II denies that it is required to defend, indemnify and/or hold harmless Harkins Builders from the claims asserted against Harkins Builders.

195.    Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. To the extent a further response is deemed required, Central II specifically denies that it breached any contract Harkins Builders, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material.  Further, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied. Additionally, Central II  denies that any act or conduct by it caused any alleged damages to Harkins Builders, the existence of which is denied.  Further, Central II denies that it is required to defend, indemnify and/or hold harmless Harkins Builders from the claims asserted against Harkins Builders.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT VI– CONTRACTUAL INDEMNIFICATION

### Harkins v. Central

196.    Central II hereby incorporates by reference its responses to the preceding paragraphs as though these responses were fully set forth herein at length.

197.    Central II hereby incorporates by reference its responses to the preceding paragraphs as though these responses were fully set forth herein at length, especially paragraph No. 42.

198.    Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required.

Accordingly, they are deemed denied. To the extent a further response is deemed required, Central II specifically denies that it breached any contract Harkins Builders, and/or will have to pay any sums to or on behalf of Harkins Builders, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material. Further, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied.

199.    Denied. The allegations contained in this paragraph of Harkins Builders' Amended Third-Party Complaint are conclusions of law to which no response is required. Accordingly, they are deemed denied. To the extent a further response is deemed required, Central II specifically denies that it breached any contract Harkins Builders, and/or that Harkins Builders is entitled to any indemnification from Central II, and strict proof thereof is demanded at the time of any hearing and/or trial, if relevant and/or material. Further, the allegations refer to a written document which speaks for itself, and any characterizations thereof are denied. Additionally, Central II denies that any act or conduct by it caused any alleged damages to Harkins Builders, the existence of which is denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT VII– BREACH OF CONTRACT

### Harkins v. Athena Stone and American Southern

200-214. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT VIII[1]– BREACH OF PERFORMANCE BOND

### Harkins v. Athena Stone and American Southern

215-229. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT IX[2]– CONTRACTUAL INDEMNIFICATION

### Harkins v. Athena Stone and American Southern

230-233. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

---

[1] This is mistakenly listed as "Count VI" in Harkins Builder's Amended Third-Party Complaint.
[2] This is mistakenly listed as "Count VII" in Harkins Builders, Inc.'s Amended Third-Party Complaint.

## COUNT X[3]– BREACH OF CONTRACT

### Harkins v. Legacy and United States Fire

234-248. Denied. The allegations contained in these paragraphs of Harkins Builders'
Amended Third-Party Complaint are conclusions of law and directed to another party, and
therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended
Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively,
that judgment be entered in its favor, together with its costs of defense, including attorney's fees
and any other relief deemed appropriate by the Court.

## COUNT XI[4]– BREACH OF PERFORMANCE BOND

### Harkins v. Legacy and United States Fire

249-263. Denied. The allegations contained in these paragraphs of Harkins Builders'
Amended Third-Party Complaint are conclusions of law and directed to another party, and
therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended
Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively,
that judgment be entered in its favor, together with its costs of defense, including attorney's fees
and any other relief deemed appropriate by the Court.

## COUNT XII[5]– CONTRACTUAL INDEMNIFICATION

### Harkins v. Legacy and United States Fire

---

[3] This is mistakenly listed as "Count VIII" in Harkins Builders, Inc.'s Amended Third-Party Complaint.
[4] This is mistakenly listed as "Count IX" in Harkins Builders, Inc.'s Amended Third-Party Complaint.
[5] This is mistakenly listed as "Count X" in Harkins Builders, Inc.'s Amended Third-Party Complaint.

264-267. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT XIII[6]– BREACH OF CONTRACT

### Harkins v. LM Construction

268-281. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## COUNT XIV[7]– CONTRACTUAL INDEMNIFICATION

### Harkins v. LM Construction

282-285. Denied. The allegations contained in these paragraphs of Harkins Builders' Amended Third-Party Complaint are conclusions of law and directed to another party, and therefore the allegations are denied.

---

[6] This is mistakenly listed as "Count XI" in Harkins Builders, Inc.'s Amended Third-Party Complaint.
[7] This is mistakenly listed as "Count XII" in Harkins Builders, Inc.'s Amended Third-Party Complaint.

**WHEREFORE,** Third-Party Defendant, Central II, Inc., demands that the Amended Third-Party Complaint of Harkins Builders, Inc. be dismissed with prejudice or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorney's fees and any other relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the allegation contained in the Amended Third-Party Complaint, Central II pleads the following separate and affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Amended Third-Party Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Harkins Builders' claims are barred by the doctrines of waiver, laches, release and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Harkins Builders' claims are barred by its breach of the Subcontract Agreement at issue.

## FOURTH AFFIRMATIVE DEFENSE

Harkins Builders' claims are barred by its unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Harkins Builders' claims are barred, in whole or in part, by its failure to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Harkins Builders' damages, to the extent it has suffered any, are the consequence of its own conduct and/or independent acts of negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

Harkins Builders' damages, to the extent it has suffered any, are the consequences of the conduct of parties outside Central II's control.

**EIGHTH AFFIRMATIVE DEFENSE**

Harkins Builders' claims against Central II may be barred by the statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

Harkins Builders' damages, to the extent it has suffered any, were not caused by any act or omission attributable to Central II.

**TENTH AFFIRMATIVE DEFENSE**

The indemnification and duty to defend clause in the Subcontract Agreement between Harkins Builders and Central II does not apply under the circumstances of this case and/or is void and/or unenforceable under the facts and Pennsylvania law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Central II has not breached the indemnification or duty to defend clause in its contract with Harkins Builders under Pennsylvania law.

**TWELFTH AFFIRMATIVE DEFENSE**

Central II fully complied with the terms of its contract with Harkins Builders including, but not limited to, the contract's indemnification and duty to defend clause.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The language in the indemnification and duty to defend clause in the Subcontract Agreement between Harkins Builders and Central II fails as a matter of law to require Central II to indemnify and defend Harkins Builders in this action.

46

## FOURTEENTH AFFIRMATIVE DEFENSE

Harkins Builders' claims may be limited or barred by its spoliation of evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Central II incorporates herein by reference all additional affirmative defenses available to it under the Federal Rules of Civil Procedure.

## CROSSCLAIMS AGAINST OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS

1.      Solely for purposes of these crossclaims, Central II incorporates by reference the allegations of Plaintiff's Amended Complaint, Minno & Wasko's Amended Third-Party Complaint, and Harkins Builders' Amended Third-Party Complaint, as if set forth herein in full, without adoption or admission.

2.      If the allegations of Plaintiff's Amended Complaint, are proven true, in whole or in part, and a monetary award is entered against Central II, then Central II alleges that Minno & Wasko Architects and Planners, P.C., and Moore Consulting Engineers may be directly liable to Plaintiff, jointly and severally liable with Central II, or liable over to Plaintiff and/or Central II, under theories of contribution and/or indemnification.

3.      If the allegations of Minno & Wasko's Amended Third-Party Complaint are proven true, in whole or in part, then Harkins Builders, Inc., may be directly liable to Plaintiff, jointly and severally liable with Central II, or liable over to Plaintiff and/or Central II, under theories of contribution and/or indemnification.

4.      If the allegations of Harkins Builders' Amended Third-Party Complaint, are proven true, in whole or in part, then Third-Party Defendants, Homeserve USA Energy Services,

LLC d/b/a UGI Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty

Mutual Insurance Company, Athena Stone Corporation, American Southern Insurance Company,

Legacy Services USA, LLC, United States Fire Insurance Company, LM Construction

Enterprises, Inc., UGI HVAC Enterprises, Inc., and UGI Energy Services, LLC, may be directly

liable to Plaintiff, jointly and severally liable with Central II, or liable over to Plaintiff and/or

Central II, under theories of contribution and/or indemnification.

      **WHEREFORE**, Third-Party Defendant, Central II, Inc., respectfully requests that

Harkins Builders, Inc.'s Amended Third-Party Complaint against it be dismissed with prejudice,

or alternatively, that judgment be entered in favor of Third-Party Defendant, Central II, Inc.,

together with its costs of defense, including attorneys' fees and any other relief deemed

appropriate by the Court, and in the event that Third-Party Defendant, Central II, Inc., is held

liable to Plaintiff and/or  Defendants, Minno & Wasko Architects and Planners PC, and Moore

Engineering Consultants, Third-Party Plaintiff, Harkins Builders, Inc., and Third-Party

Defendants, Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing

f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance Company, Athena Stone

Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States

Fire Insurance Company, LM Construction Enterprises, Inc., UGI HVAC Enterprises, Inc., and

UGI Energy Services, LLC, in any amount, such possibility being strictly denied, Third-Party

Defendant, Central II, Inc., be awarded judgment against  Defendants, Minno & Wasko

Architects and Planners PC, and Moore Engineering Consultants, Third-Party Plaintiff, Harkins

Builders, Inc., and Third-Party Defendants, Homeserve USA Energy Services, LLC d/b/a UGI

Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance

Company, Athena Stone Corporation, American Southern Insurance Company, Legacy Services

48

USA, LLC, United States Fire Insurance Company, LM Construction Enterprises, Inc., UGI

HVAC Enterprises, Inc., and UGI Energy Services, LLC, for contribution and/or indemnity.

## OMNIBUS REPLY OF CENTRAL II TO ALL CROSSCLAIMS FILED BY OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS

1.      Central II hereby incorporates by reference the preceding paragraphs of its

Answer to the Amended Third-Party Complaint of Harkins Builders, Inc., as if they were fully

set forth herein in full.

2.      To the extent that any of the Defendants or Third-Party Defendants assert

Crossclaims against Central II, Central II denies those Crossclaims. Central II denies that it may

be solely liable, jointly and severally liable with any other Defendant or Third-Party Defendant,

or liable over to any other Defendant or Third-Party Defendant by way of contribution or

indemnification.

**WHEREFORE**, Third-Party Defendant, Central II, Inc., respectfully requests that

Harkins Builders, Inc.'s Amended Third-Party Complaint against it be dismissed with prejudice,

or alternatively, that judgment be entered in favor of Third-Party Defendant, Central II, Inc.,

together with its costs of defense, including attorneys' fees and any other relief deemed

appropriate by the Court, and in the event that Third-Party Defendant, Central II, Inc., is held

liable to Plaintiff and/or Defendants, Minno & Wasko Architects and Planners PC, and Moore

Engineering Consultants, Third-Party Plaintiff, Harkins Builders, Inc., and Third-Party

Defendants, Homeserve USA Energy Services, LLC d/b/a UGI Heating, Cooling & Plumbing

f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance Company, Athena Stone

Corporation, American Southern Insurance Company, Legacy Services USA, LLC, United States

Fire Insurance Company, LM Construction Enterprises, Inc., UGI HVAC Enterprises, Inc., and

UGI Energy Services, LLC, in any amount, such possibility being strictly denied, Third-Party

Defendant, Central II, Inc., be awarded judgment against Defendants, Minno & Wasko

Architects and Planners PC, and Moore Engineering Consultants, Third-Party Plaintiff, Harkins

Builders, Inc., and Third-Party Defendants, Homeserve USA Energy Services, LLC d/b/a UGI

Heating, Cooling & Plumbing f/k/a UGI HVAC Enterprises, Inc., Liberty Mutual Insurance

Company, Athena Stone Corporation, American Southern Insurance Company, Legacy Services

USA, LLC, United States Fire Insurance Company, LM Construction Enterprises, Inc., UGI

HVAC Enterprises, Inc., and UGI Energy Services, LLC, for contribution and/or indemnity.

## DEMAND FOR JURY TRIAL

Third-Party Defendant, Central II, Inc., hereby demands a trial by a jury of twelve (12)

members on all issues, with the Court's permission.

Respectfully submitted,

BY:    /s/Susan Keesler
       Philip D. Priore, Esquire
       Attorney ID: 38987
       Susan Keesler, Esquire
       Attorney ID: 312977
       **MCCORMICK & PRIORE, P.C.**
       2 Commerce Square
       2001 Market Street, Suite 3810
       Philadelphia, PA 19103
       (T) 215-972-0161
       (F) 215-972-5580
       ppriore@mccormickpriore.com
       cbenedetto@mccormickpriore.com
       skeesler@mccormickpriore.com
       Attorneys for Defendant,
       Central II, Inc.

Dated: May 27, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Susan Keesler, Esquire, hereby certify that on May 27, 2025, I did cause a true and correct copy of the foregoing Answer of Third-Party Defendant, Central II, Inc., with Affirmative Defenses and Crossclaims to the Amended Third-Party Complaint of Plaintiff, Harkins Builders, Inc., to be served on all counsel of record via electronic filing with the Court.

BY: ___/s/Susan Keesler_____
        Philip D. Priore, Esquire
        Attorney ID: 38987
        Susan Keesler, Esquire
        Attorney ID: 312977
        **MCCORMICK & PRIORE, P.C.**
        2 Commerce Square
        2001 Market Street, Suite 3810
        Philadelphia, PA 19103
        (T) 215-972-0161
        (F) 215-972-5580
        ppriore@mccormickpriore.com
        cbenedetto@mccormickpriore.com
        skeesler@mccormickpriore.com
        Attorneys for Defendant,
        Central II, Inc.